(Decided 9th December, 1880.)

HENRY STRITE and D. M. WITMER *vs.* ISRAEL REIFF, Trustee.

*Arbitration and Award by Judges of an Orphans' Court—Appeal—Art. 7, sec. 7, of the Code—Jurisdiction.*

The executor of an estate had a fund of which S. was entitled to a share, unless R. claiming under a deed of trust to him from S. or W. claiming by assignment from S. was entitled to it. The claimants of the share by written agreement submitted the matter to the arbitrament and award of the three Judges of an Orphans' Court, whose judgment and determination should be binding, final and conclusive upon the parties, unless appealed from to this Court within thirty days thereafter by any party aggrieved. On an appeal directly from the award, it was HELD :

1st. That the Orphans' Court, as such, had no jurisdiction in the premises, and that if the reference were to the Judges as an Orphans' Court, under Art. 7, sec. 7, of the Code, and were warranted by the statute, the decision would be final and no appeal would lie.

2nd. That if the reference were to the Judges as individuals, it was an ordinary matter of arbitration and award from which there was no appeal; and that the reservation of the right of appeal in the agreement could confer on this Court no right to hear the case.

Strite and Wilmer *vs.* Reiff, Trustee.

APPEAL from the Orphans' Court of Washington County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., MILLER, ALVEY, ROBINSON and IRVING, J., for the appellants, and submitted for the appellee.

*T. H. Edwards,* for the appellants.

The Orphans' Court had no jurisdiction to arbitrate in this case. The only power that Court has to arbitrate is conferred by Code, Article 7, sec. 7, in these words:

"The several Orphans' Courts of this State shall have power, with the consent of both parties, to be entered on their proceedings, to arbitrate between a claimant and an executor or administrator, or between an executor and a person against whom he has a claim, or the dispute may by the parties be referred to any person or persons approved by the Orphans' Court."

This statute does not give the Orphans' Courts jurisdiction to become general arbitrators, and to entertain any and all matters which may be submitted to them by any persons. It confers jurisdiction to arbitrate only "between claimant and an executor," or "between an executor and a person against whom he has a claim." The case at bar does not fall within either of these classes.

The Orphans' Court is of limited jurisdiction; and can exercise no authority not expressly given by law. *Brodess vs. Thompson,* 2 *H. & G.,* 120; *State vs. Warren,* 28 *Md.,* 338.

And where the law does not confer jurisdiction, no act of the parties, nor any assent or submission by them, can give jurisdiction.

*H. H. Keedy,* for the appellee.

It has been suggested that the Orphans' Court had no jurisdiction, and that none could be conferred upon it by

agreement. It will be observed that the matter in controversy was "submitted to the arbitrament and award of the three Judges of the Orphans' Court." They were to act upon it as arbitrators and not as a Court. If their award is wrong, it is not a subject of appeal to this Court, and this appeal should therefore be dismissed.

IRVING, J., delivered the opinion of the Court.

The appeal in this case must be dismissed. It appears by the record, that the subject-matter of the controversy involved in this appeal, was, by written agreement of parties, submitted to the arbitrament and award of "the three Judges of the Orphans' Court," (of Washington County,) "whose judgment and determination in the premises shall be binding, final and conclusive upon all the parties, unless appealed from within thirty days thereafter by any party aggrieved, and such appeal shall be to the Court of Appeals of Maryland."

Abraham Strite, as executor of another Abraham Strite, held a fund of which Henry Strite, (one of the appellants,) as a child of the deceased Abraham Strite, is entitled to a share, unless Israel Reiff, who claims by a deed of trust to him from Henry Strite, or D. M. Witmer, (who also claims by assignment from Henry Strite,) is entitled to this share. Three persons are claiming of the executor, and it is their respective claims which they have submitted to the arbitration of the Judges of the Orphans' Court. It is apparent, that the Orphans' Court, as such, had no power finally to adjudge between these persons as to their respective rights; and it is so conceded by the appellant. If their award has any binding effect, it is because of the agreement making the submission to them. Whether that agreement making the submission was made under, and was warranted by sec. 7, Art. 7, of the Code of Public General Laws; or was a reference by agreement to the Judges, as individuals, irrespective of

that section of the Code makes no difference. If the reference was to the Judges as an Orphans' Court, and was warranted by the statute, the decision would be final, and no appeal would lie. The statute contemplated no appeal from the award itself. It provided for a final settlement of disputes in this way to save litigation, evidently, and therefore provided for no appeal. Consent cannot give jurisdiction; and the reservation of the right of appeal, by the terms of reference, can confer on this Court no right to hear the case. If the reference was outside the provisions of the statute, it stands in the attitude of an ordinary case of arbitration and award, from which there is no appeal. No matter in what form the Judges of the Orphans' Court may have entered their decision in this case, it will be referred to their character as arbitrators, and not to their official character as a Court.

It having been put in the form of a final order, or judgment of that Court, cannot give it the force and effect of an order or judgment which would be within their jurisdiction to enter.

Judge Cooley, in his work on *Constitutional Limitations,* page 500, says: "If Judges should sit to hear such controversy; they would not sit as a Court; at most they would be but arbitrators; and their action could not be sustained on that theory, unless it appeared that the parties had designed to make the Judges their arbitrators, instead of expecting from them valid judicial action as an organized Court. Even then their judgment would not be binding as a judgment, but only as an award."

This case is materially distinguishable from the case of *Woods vs. Matchett, Adm'x,* 47 *Md.,* 394.

In that case the matter in controversy between the parties was with reference to a claim of the appellee against the appellant. That dispute was, by the consent of parties, referred by the Orphans' Court to a third person.

Strite and Wilmer *vs.* Reiff, Trustee.

Exceptions were filed against the confirmation of the award for errors patent on its face. The Orphans' Court overruled the exceptions and confirmed the award. Appeal was taken from that order of the Court overruling the exceptions and ratifying the award. No point was made, whether the reference, made by the Orphans' Court, was of a subject within the meaning of Art. 7, sec. 7, of the Code; or whether the subject-matter was a controversy within the jurisdiction of the Orphans' Court to decide without the assent of parties; nor was there any point or question made whether the right of appeal existed in such case; so that the Court did not directly pass on any of those questions. We are not therefore trammelled in this case by that decision. In this case, the reference was made by agreement directly to the Judges of the Orphans' Court. They made an award. No exceptions were filed; but appeal was taken directly from the award.

*Appeal dismissed.*

(Decided 10th December, 1880.)