STATE OF MARYLAND, use of SARAH WILSON *vs.* JAMES McCARTY.

*Article 5, section 44, of the Code, relating to Appeals from the Orphans' Court—Jurisdiction—Circuit Court —Arbitration—Form of Award.*

Section 44, of Article 5, of the Code, giving an appeal from the Orphans' Court to the Circuit Court, provides that " If upon an appeal being entered in the Orphans' Court the parties shall mutually agree, and enter their assent in writing to be filed by the register of wills, that the appeal shall be made to the Circuit Court for the county, or Superior Court for Baltimore, the Orphans' Court shall direct the transcript of the proceedings to be transmitted to the Circuit Court or Superior Court for Baltimore, whose decision shall be final." An order was passed by the Orphans' Court for A. County, after petition, answer and replication, ordering a sum of money to be paid to the petitioner as one of the distributees under a will. After appeal from this order taken by both parties to the Court of Appeals, it was mutually agreed between them in writing, filed with the register of wills, that said appeal " should be taken to the Circuit Court for A. County, instead of the said Court of Appeals, and that the same should be heard by the Hon. G. A. P., one of the Judges of the Circuit Court for A. County at his discretion, upon five days notice," &c.; and that no copy of the papers need be made by the register of wills, but that all the original papers, books, entries, &c., of record in said Orphans' Court, or used as evidence or otherwise on the trial of said cause in the Orphans' Court could be used at the hearing of said cause before said Circuit Court, to have the same effect as if a regular transcript thereof had been made and sent to the Circuit Court by the register, as in such case made and provided, and that the decision of said Court upon said appeal should have all the force and efficacy in law and equity, as if the same had been regularly transmitted, &c. A duly certified transcript of the petition, answer and replication only was sent to the Circuit Court and filed therein, and after a hearing before the said G. A. P., upon said partial transcript and the original records, books, entries and other evidences which were before the Orphans' Court, he rendered his opinion

State, use of Wilson *vs.* McCarty.

and filed the following order: "It is thereupon ordered this 1st day of September, 1882, by the Circuit Court for A. County, that the order of the Orphans' Court for A. County, passed in this cause on the 13th of September, 1881, be and the same is hereby reversed, and that the petition of S. W., be and the same is hereby dismissed with the costs to the respondent to be taxed by the clerk of this Court." HELD:

1st. That assuming the decision pronounced by G. A. P. to have been the judgment of the Circuit Court, that Court on the appeal and agreement entered into by the parties, had jurisdiction to determine the matter, upon the original books, papers, entries, &c., used in evidence in the Orphans' Court, as if a regular transcript of the same had been furnished, a transcript of the petition, answer and replication, which presented the issues between the parties, having been sent up.

2nd. That the essential condition upon which the Circuit Court is empowered to entertain an appeal from the Orphans' Court, is the mutual assent of the parties expressed in writing and filed with the register.

3rd. That it is not indispensable to the jurisdiction of the Circuit Court that an absolutely full transcript of everything transpiring, or submitted in evidence before the Orphans' Court shall in all cases be made out.

4th. That jurisdiction attaches to the Circuit Court when the appeal is entered into by agreement in writing, and filed with the register, and a copy of the papers presenting the issue between the parties is transmitted.

5th. That it is competent for the parties, where the Orphans' Court and the Circuit Court do not object, to agree to use the original evidence, instead of incurring the perhaps needless expense of having everything copied.

6th. That if the Circuit Court passes upon the transcript before it, and upon the original evidence submitted by consent of both parties, its determination cannot afterwards be impeached, at least by either of the parties to the agreement, because everything was not embraced in the transcript.

7th. That if on the other hand the appeal was taken. in the nature of a reference to G. A. P. personally as an arbitrator, the fact that his award was clothed in the form of a judicial order, would not destroy its efficacy.

State, use of Wilson *vs.* McCarty.

APPEAL from the Circuit Court for Allegany County.

The case is stated in the opinion of the Court. The demurrer to the plaintiff's first and second replications to the defendant's ninth and eleventh pleas was ruled good, and judgment was entered in favor of the defendant for costs. The plaintiff appealed.

The cause was submitted to ALVEY, C. J., MILLER, ROBINSON, IRVING, RITCHIE, and BRYAN, J.

*D. J. Blackiston, James E. Ellegood,* and *Wm. Brace,* for the appellant.

*A. Beall McKaig,* for the appellee.

RITCHIE, J., delivered the opinion of the Court.

The petition of Sarah Wilson, the equitable plaintiff in the present suit, which was filed in the Orphans' Court of Allegany County, charged that she had not received from the executors of her father's, Edward McCarty's, will, the amount justly distributable to her; that they had passed sundry accounts, but had failed to render a true and full account of their administration, and that a large amount of debts were still due the estate, and a large amount of personal chattels unaccounted for; and prayed that the surviving executor, James McCarty, be required to make a full and particular account of the administration in order that a true and correct distribution might be made, and for further relief. The surviving executor was cited to answer the petition and show cause why it should not be granted; and in his answer he averred that he had passed a final account in September, 1866, by which it appears he had overpaid the estate; denied that there are large debts due the estate, and a large amount of chattels belonging to the estate unaccounted for; insisted that the estate had been fully closed by the passage and approval

State, use of Wilson *vs.* McCarty.

by the Court of his ninth administration account; and denied the jurisdiction of the Orphans' Court to require him to answer the petition or to require from him any further account of the estate whatever.

The case having been heard on bill and answer, the Court on the 18th of June, 1880, dismissed the petition for want of jurisdiction. From this order an appeal was taken to this Court, which decided the Orphans' Court had jurisdiction to entertain the petition, and upon that ground reversed that Court's order and remanded the cause. *Wilson vs. McCarty, Survg. Ex., &c.,* 55 *Md.,* 277.

The Orphans' Court, in pursuance of that decision, exercised its jurisdiction, and after the answer of respondent and replication of petitioner were filed, the testimony of both sides was taken, and the Court on the 13th of September, 1881, ordered a re-opening and correction of the administration accounts from the fifth to the sixth inclusive, and the stating of a tenth account, whereby in conformity with the directions of the Court, the sum of $556.39 was adjudged to be due to the said Sarah Wilson.

From this order or decree, there was an appeal taken by both parties, under an agreement in writing, to the Circuit Court for Allegany County or (to which being a controverted point) an appeal in the nature of a reference to Hon. GEORGE A. PEARRE, one of the Judges thereof, personally. After a full hearing of the matter, in which both parties participated, the said Judge rendered his opinion and filed the following order :

"It is thereupon ordered this 1st day of September, 1882, by the Circuit Court for Allegany County, that the order of the Orphans' Court for Allegany County passed in this cause on the 13th day of September, 1881, be and the same is hereby reversed, and that the petition of Sarah Wilson be and the same is hereby dismissed, with the costs to the respondent, to be taxed by the clerk of this Court."

Thereupon the respondent moved the Orphans' Court to pass an order and decree, based upon said order or judgment passed by Judge PEARRE and the other proceedings previously had, dismissing the petition of Sarah Wilson, with costs to said James McCarty, to be taxed by the register. But the Orphans' Court refused said motion on the ground of the rendering of said judgment in the Circuit Court, and "there being no order by the appellate Court for further proceedings in this Court," and directed "that each party pay their own costs in this Court."

From this order refusing his motion, respondent appealed to this Court, (No. 3 Special Docket, April Term, 1884, Unreported.) This Court affirmed the order upon the ground that the judgment of the Circuit Court, if valid, was a final disposition of the case, and if a nullity, was of no binding force.

The present case while standing on the docket pending the appeal to the Circuit Court from the Orphans' Court, and having been in the Court of Appeals on a judgment of *non pros.* in the lower Court for failure of plaintiff to give security for costs at a certain term, (which judgment was reversed in 60 *Md.*, 373,) was after Judge PEARRE's decision actively prosecuted under an amended *narr.* filed November 18th, 1884, regardless of the action of said Judge. The breach of the bond on which recovery is sought is the failure of the surviving executor to pay to said Sarah Wilson, the said sum of $556.39, adjudged to be due her on the final or tenth administration account as ordered to be stated by the Orphans' Court as aforesaid, and which order had been reversed by the Circuit Court, or the determination of Judge PEARRE, as we have recited.

The defence taken, which was sustained by the Court below, and which presents the question for our present consideration, is set forth in the ninth, tenth, and eleventh pleas of the defendant, the demurrers of the plaintiff

thereto, and the replications of the plaintiff, and the demurrers of the defendant to the replications.

The ninth plea avers (as does also the eleventh while presenting other matters besides,) after reciting the proceedings in the Orphans' Court, and that it was held by said Orphans' Court that the defendant should account for and pay over to said Sarah Wilson the sum of $556.39; that " whereupon the said Sarah Wilson and this defendant both appealed to the Court of Appeals of Maryland from said order ordering this defendant to account for and pay over to said Sarah Wilson said sum, and that it was afterwards mutually agreed between the said Wilson and this defendant (which agreement was in writing, and was filed with the register of wills of Allegany County,) that said appeal should be taken to the Circuit Court for Allegany County instead of the said Court of Appeals, and that the same should be heard by the Hon. George A. Pearre, one of the Judges of the Circuit Court for Allegany County, at his discretion, upon five days notice of the time of hearing being given to the parties to said cause, or their solicitors.   And it was further agreed that no copy of the papers in said cause need be made by the register of wills, but that all the original papers, books, entries, &c., of record in said Orphans' Court, or used as evidence or otherwise on the trial of the said cause in the said Orphans' Court, could be used at the hearing of said cause before said Circuit Court, reserving all other objections to their admissibility, and that they should have the same force and effect as if a regular transcript thereof had been made and sent to the Circuit Court by the register of wills, as in such case made and provided, and thereby waiving all objections as to the manner and time of sending up said cause to the said Circuit Court, and that the decision of said Circuit Court upon said appeal should have all the force and efficacy in law and equity as if the same had been regularly transmitted to the said Circuit

State, use of Wilson *vs.* McCarty.

Court upon a regular transcript of the record, in accordance with the Act of Assembly in such case made and provided; that afterwards a duly certified transcript of the said petition, the answer of this defendant thereto, and the replication of the petitioner to said answer, was made out and sent up by said register of wills to said Circuit Court, and filed therein ; and afterwards such proceedings were had, after full and proper notice to the solicitors of the parties to said cause, and after a full hearing of said appeal upon the said records, books, entries, and other evidences before the said Orphans' Court, and the argument of the said solicitors, by the said Hon. GEORGE A. PEARRE, one of the said Judges of the said Circuit Court for Allegany County, at the July Term, 1882, thereof, it was afterwards, to wit, on the 9th day of October, 1882, by the said Circuit Court for Allegany County, adjudged that the judgment of the said Orphans' Court be reversed with costs to the defendant, James McCarty, surviving executor of Edward McCarty, deceased, and petition dismissed, and that said judgment was rendered on the same cause of action mentioned in plaintiff's amended declaration, and is still a subsisting judgment."

The tenth plea, after setting out the proceedings in the Orphans' Court and the said agreement, avers that the said Hon. GEORGE A. PEARRE was empowered as an arbitrator of the differences and matters of dispute, and that by his award the order of the Orphans' Court was reversed, and the petition of said Sarah Wilson dismissed with costs to the defendant.

The plaintiff's demurrers, and replications demurred to by defendant, go to the validity of the judgment of the Circuit Court pronounced by Judge PEARRE, because no transcript of the proceedings was ever transmitted to said Circuit Court, and it was consequently without jurisdiction to pronounce the judgment; and that under the agreement Judge PEARRE was not authorized to act as an arbi-

trator, and exceeded the authority alleged to be vested in him as said arbitrator, and the matters and things submitted to him were not the same matters and things in controversy in this case.

As this case is before us, as to the demurrers, on the sufficiency of the facts alleged in the said pleas to constitute a bar to the action, the first question is, assuming the decision pronounced by Judge PEARRE to have been the judgment of the Circuit Court, had that Court on the appeal and agreement entered into by the parties jurisdiction to determine the matter, notwithstanding a transcript of the original books, papers, entries, &c., used in the Orphans' Court in evidence was not transmitted, but were by the agreement themselves to be used, and were used, as if a regular transcript of the same had been furnished, while a transcript of the petition, answer and replication, which presented the issues between the parties had been sent up?

An appeal may be taken from the Orphans'' Court to the Circuit Court under the Code, Art. 5, sec. 44, which provides: "If upon an appeal being entered in the Orphans' Court the parties shall mutually agree, and enter their assent in writing to be filed by the register of wills, that the appeal shall be made to the Circuit Court for the county, or Superior Court for Baltimore, the Orphans' Court shall direct the transcript of the proceedings to be transmitted to the Circuit Court, or Superior Court for Baltimore, whose decision shall be final."

The essential condition upon which the Circuit Court is empowered to entertain an appeal from the Orphans' Court, is the mutual assent of the parties expressed in writing and filed with the register. Such an agreement was made and filed in this case. The statute next provides, that the Orphans' Court shall direct a transcript of the proceedings to be transmitted; but we do not deem it indispensable to the jurisdiction of the Circuit Court that

an absolutely full transcript of everything transpiring, or submitted in evidence before the Orphans' Court must in all cases be made out. Jurisdiction clearly attaches to the Circuit Court when the appeal is entered into by agreement in writing and filed with the register, and a copy of the papers presenting the issue between the parties is transmitted. In this case a transcript of the petition, answer and replication was sent up. And we think it competent for the parties, where the Orphans' Court and the Circuit Court do not object, to agree to use the original evidence, or such parts as they need, instead of incurring the perhaps needless expense of having everything copied. And therefore if the Circuit Court passes upon the transcript before it, and upon the original evidence submitted by consent of both parties, its determination cannot afterwards be impeached, at least by either of the parties to the agreement, because everything was not embraced in the transcript. At most, such a transcript could only be regarded as an irregularity, or an imperfection in the record that would not impair the validity of the judgment.

If, in the other aspect of the case, the appeal was taken in the nature of a reference to Judge PEARRE personally as an arbitrator, it is clear that the matter submitted was the identical matter in dispute in this case, namely the right to recover because of the non-payment by James McCarty as surviving executor of Edward McCarty, the sum of $556.39 adjudged to be due Sarah Wilson on the statement of the tenth account of his administration. That his award was clothed in the form of a judicial order will not destroy its efficacy under the decision of this Court in *Strite & Witmer vs. Reiff, Trustee,* 55 *Md.,* 92.

The rulings of the Circuit Court in this case are sustained, and its judgment will be affirmed.

*Judgment affirmed.*

(Decided 22nd July, 1885.)

Chief Judge ALVEY dissented on the point of jurisdiction of the Circuit Court to try the case on the original papers, deeming a full transcript necessary.