Blumenthal and Newmeyer *vs.* Moitz.

(Decided 13th January, 1893.)

MICHAEL BLUMENTHAL and SOLOMON NEWMEYER, trading as BLUMENTHAL & NEWMEYER *vs.* CHARLES MOITZ.

*Jurisdiction of Orphans' Court—Trusts.*

Section 256 of Article 93 of the Code, provides that "the Orphans' Court shall not, under pretext of incidental power or constructive authority, exercise any jurisdiction not expressly conferred by law;" and section 81 of Article 16 provides that "nothing in the testamentary law of this State shall be construed in any manner to affect the general superintending power of the Courts having chancery jurisdiction with respect to trusts." HELD:

That the Orphans' Court has no jurisdiction to pass upon the title to real estate sold by trustees, who were also executors under the will, they having passed a final account as such executors.

APPEAL from the Orphans' Court of Harford County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., BRYAN, FOWLER, McSHERRY, and BRISCOE,, J.

*Thomas H. Robinson*, for the appellants.

*Geo. L. Van Bibber*, (with whom was *J. Thos. C. Hopkins*, on the brief,) for the appellee.

BRISCOE, J., delivered the opinion of the Court.

Mrs. Minerva Rodgers, of Washington City, died in the year 1877, leaving a last will and testament, which was duly admitted to probate. By this will she devised all of her real estate to Commodore John Rodgers and General M. C. Meigs, and the survivor of them, in trust, to hold, manage, and invest the same, and to receive the rents, income, interest and dividends thereof, with full power at all times to sell and convey by deed or other proper instrument any part or all of the said trust property for the purpose of investment or more conveniently to carry into effect the provisions of her will. The proceeds of the sales to be reinvested as the trustees shall deem expedient, and held upon the trust set forth in her will.

Com. John Rodgers, Gen. M. C. Meigs, and her son, Robert S. Rodgers, were left as executors. Col. John N. Macomb was, on the death of Com. Rodgers, appointed trustee, and on his death, Mrs. Nannie R. Macomb was appointed co-trustee with Gen. Meigs. Letters testamentary were granted to Robert S. and John Rodgers, in Harford County in 1881, and they passed a final account the same year. Gen. Meigs and Com. Rodgers acted as executors in Washington City, and qualified as

trustees. On the 17th of November, 1891, the trustees by virtue of the powers of the will, sold to the appellants, Blumenthal and Newmeyer, certain real estate situate in Harford County, for the sum of $950, and reported the sale to the Orphans' Court of that county for ratification.

Charles Moitz, the appellee, who was in possession of part of the property, filed .objections to the ratification of the sale, alleging that since 1884, he had been in possession of this property by virtue of a lease from Robert S. Rodgers, and that by its terms he had the refusal of the property, and the right and option to take the same at the highest terms offered by other parties, and that the sale made by the trustees was a private one, without any notice to him. The appellants answered this petition, and denied the agency of Robert S. Rodgers to make the lease, and the title of Moitz under the lease. The Orphans' Court passed an order sustaining the objections to the sale, and ordering that it be set aside.

And it is from this order that this appeal is taken.

The first and main question which is presented is whether the Orphans' Court had jurisdiction to exercise the powers assumed by it in this case. The Orphans' Courts of this State are not only limited, but expressly prohibited, by statute, from exercising powers not specially granted them. By section 256 of Article 93, of the Code, it is specially provided. that "the Orphans' Court shall not, under pretext of incidental power or constructive authority, exercise any jurisdiction not expressly conferred by law." And by section 81 of Article 16, of the Code, it is further provided that "nothing in the testamentary law of this State shall be construed in any manner to affect the general superintending power of the Courts having chancery jurisdiction with respect to trusts." The sale in this case was made by the trustees

Jackson *vs.* Wilson, Adm'r, *et al.* Suit *vs.* Wilson, Adm'r.

and not by the executors. There can be no doubt as to the doctrine that the jurisdiction of the Orphans' Court ceases when an executor has fully settled his accounts, and that a Court of equity alone can enforce the trusts created by wills. *Binnerman vs. Weaver, et al.,* 8 *Md.,* 524; *State, use of Gable, et al. vs. Cheston & Carey,* 51 *Md.,* 380; *Hardt, Trustee vs. Birely,* 72 *Md.,* 136.

Inasmuch, therefore, as the Orphans' Court had no jurisdiction to pass upon the title of either the appellants or appellee in this case, we shall reverse the order appealed from.

> *Order reversed, and each party*
> *to pay one-half of the costs.*

(Decided 13th January, 1893.)