ISAAC MACK et al.

*vs.*

WILLIAM HARRY PAIRO, Assignee of Thomas W. Thompson.

*Dower—Statute of 13 Ed. 1, Chapter 34—Order of Oprhans' Court Dismissing Petition to Exclude Husband— Not a Final Order.*

Statute 13 Ed. I, Ch. 34, barring the wife's dower in case she leaves her husband and lives in adultery with another, even if in force in Maryland and applicable to the husband as well as to the wife, does not apply as regards the wife's personalty.

p. 181

Where the record does not show the kind or quality of decedent's estate, on an issue as to its distribution, but the court below treated it as personalty, this must be assumed to be correct on appeal. p. 181

An order of the Orphans' Court, on a petition of an administrator seeking to exclude decedent's husband from any share of her estate by reason of his adultery, finding that the adultery had not been proved and dismissing the petition, but not making any distribution of the estate, is not a final order settling or determining the rights of the parties, and is not appealable.

p. 182

*Decided February 20th, 1920.*

Appeal from the Orphans' Court of Baltimore City.

The cause was submitted on briefs to BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and ADKINS, JJ.

*Mark O. Shriver, Jr.,* and *Harry M. Benzinger,* for the appellants.

*William Harry Pairo,* for the appellee.

BURKE, J., prepared the opinion, which was, after his resignation, adopted by the Court.

Ella M. Thompson, colored, the wife of Thomas W. Thompson, died in the City of Baltimore on the 22nd day of April, 1919. She left surviving her as her only heirs and next of kin her husband and two sisters, Kate Mack Washington, Annie Roeback, and Isaac Mack, a brother. Letters of administration upon her estate were granted to her brother by the Orphans' Court of Baltimore City. Upon the petition of the administrator the Orphans' Court, under Section 143 of Article 93 of the Code, designated the 16th day of December, 1919, for a meeting of the distributees of the estate. The petition stated that questions had arisen as to the persons entitled to distribution in the estate, and that the petitioner was unwilling to proceed with the distribution, except under the direction of the Court.

The fourth paragraph of the petition is as follows:

"That your petitioner states that the persons entitled to shares in the said estate are Kate Mack Washington and Annie Roeback, sisters of said decedent, an absconding husband known as Thomas W. Thompson, and your petitioner, who is a brother of the decedent."

All the parties appeared on the appointed day and testimony was adduced by the petitioner tending to show that the husband, Thomas W. Thompson, had left his wife a number of years prior to her death, and had been living in adultery with a woman whose name is not disclosed by the record. The contention of the petitioner is that these facts, if proved, deprived him of distribution in his wife's estate. This contention rests upon the *Statute of* 13 *Edward* 1, Ch. 34, which is as follows: "And if a wife willingly leave her husband, and go away, and continue with her advouterer, she shall be barred forever of action to demand her dower, that she ought to have of her husband's lands, if she be convict thereupon, except that her husband willingly, and without coertion of

the church, reconcile her, and suffer her to dwell with him; in which case she shall be restored to her action."

If it be granted that this statute is in force in Maryland and is under the rules of interpretation stated in Article 1 of the Code applicable to the husband as well as the wife, the record does not show that the wife died seised of any property to which it could apply. In *Thomas on Coke on Littleton*, Vol. 1, page 569, it is said: "Tenant in dower is, where a man is seised of certain lands or tenements in fee simple, fee tail general, or as heir in special tail, and taketh a wife and dieth; the wife, after the decease of her husband shall be endowed of the third part of such lands and tenements as were her husband's at any time during the coverture; to have and to hold to the same wife in severalty by metes and bounds for term of her life, whether she hath issue by her husband or no, and of what age soever the wife be, so as she be past the age of nine years at the time of the death of her husband, (for she must be above nine years old at the time of the decease of her husband) otherwise she shall not be endowed." See also *Chew* v. *Chew*, 1 Md. 168. The record does not show the kind or quality of the wife's estate. The only thing said about it is that it amounted approximately to two thousand dollars. The question, therefore, which the appellant asks the Court to decide is not presented by the record. The Court below treated the estate of the wife as personalty, and in the absence of anything to the contrary we must assume it was correct.

At the conclusion of the testimony offered by the appellant, the Court decided on December 16, 1919, that the charge of adultery had not been proved and dismissed the petition, although it signed no order to that effect. On December 17, 1919, it passed a decree directing the distribution of the estate as follows:

"To William Harry Pairo, assignee of Thomas W. Thompson, husband, one-half (½) of the rest and residue of said estate.

"To Katie Mack Washington, sister, one-sixth (1/6) of the rest and residue of said estate.

"To Annie Roeback, sister, one-sixth of the rest and residue of said estate.

"To Isaac Mack, brother, one-sixth (1/6) of the rest and residue of said estate.

"After the said administrator *c. t. a.* shall have paid out of the said residue all further costs of the administration of the said estate and the costs of this proceedings."

No appeal was taken from this order. The appeal before us was taken from the ruling and decision of the Court of December 16, 1919, to which we have referred, and as that order or decision was not a final order settling or determining the rights of the parties it was not appealable. While the appeal must be dismissed, it will appear from what we have said that the record does not show any error in the order directing the distribution.

*Appeal dismissed, with costs.*