JOHN L. NICOLS, ETC., EXCEPTANT *v.* ESTATE OF
LUCY RIELY NICOLS, DECEASED
SAME *v.* SAME

[Nos. 27 and 28, January Term, 1943.]

*Decided April 7, 1943.*

The cause was argued before SLOAN, DELAPLAINE, COLLINS, MARBURY, GRASON, and MELVIN, JJ.

*LeRoy E. Gerding* for the appellant in both cases..

*George E. Rullman* for the appellee in both cases.

SLOAN, C. J., delivered the opinion of the Court.

This appeal is from an order of the Orphans' Court of Anne Arundel County, overruling exceptions to an executors' account.

Lucy Riely Nicols died May 22, 1939, leaving a will dated October 15, 1936, whereby she, at considerable length and with much detail bequeathed her estate, which amounted to about $10,000 to her children and grandchildren. She said the will was in the exercise of a power of appointment which she had reserved in a deed of trust dated June 1, 1928, whereby she transferred and delivered to W. Clinton Riely, John L. Nicols and Lambert M. Riely, the sum of $20,000 to pay her the income therefrom, with such parts of the principal as the trustees, or a majority of them, should think necessary for her care, maintenance and support.

The power of appointment stated in the deed of trust, and repeated in the will reads: "Upon the death of the said Lucy Riely Nicols the trust hereby created shall cease and the principal thereof then remaining together with all income thereon accrued, shall be by the Trustees paid over, and delivered free and clear of any further trust unto the person or persons whom by her last will she may appoint."

By the will she appointed Lambert Mason Riely, her brother, executor, and in case he should have predeceased her, or declined to act, appointed John Lloyd Nicols and George W. Haley, as executors, the last named now in the armed forces of his country. On January 29, 1938,. she made a codicil to the will appointing Lambert Mason Riely and John Lloyd Nicols. On April 28, 1939, she made another codicil, in which she said, "as long as my Brother Courtney Riely lives that my estate shall contribute the monthly allowance of fifteen dollars ($15) towards his support." This codicil was witnessed by one

person, but no question has arisen or been decided regarding its validity, Code, 1939, Art. 93, Sec. 336, so that we cannot consider it, nor is it necessary here. Code, 1939, Art. 5, Sec. 10. W. Clinton Riely had resigned as trustee, under the deed of trust, and on June 8, 1936, the donor accepted it, and the same day appointed in his stead Lucy N. Hall of Nyack, New York, who, the next day, accepted the trust.

What brought this matter to a head was an order of the Orphans' Court, passed May 24, 1941, which declared "that the assets mentioned in the deed of trust * * * are a part of the estate covered by the will; and further, that the power of appointment which the testatrix retained was exercised in her will, subject, however, to the codicil thereto wherein it was provided that this estate should pay to Courtney Riely the sum of Fifteen Dollars per month for and during the term of his natural life," and that the trustees and co-executors were entitled to their expenses of traveling, attorney's fees and other expenses out of this estate. An account was so stated, and it showed an inventory of personal property of $145, and total credits of $1,018.68, leaving an overpayment of $865.68. There was an accompanying statement of the corpus of the trust fund and accumulations of income amounting to $10,417.79 and distribution in accordance with the will, against which was charged the deficit of $865.68, and the retention of $6,442.33 to be held for the payment of the annuity of $15 a month to Courtney Riely, which the Orphans' Court by the order of September 24, 1942, so ordered.

The only question here is, whether the Orphans' Court had jurisdiction over the trust estate created by Mrs. Nicols in 1928. If it did not, then the executors were only required to account for the inventory of $145 against which there would be credits of $1,010.68, and nothing against the trust fund.

The Orphans' Court is a court of limited jurisdiction and "shall not, under pretext of incidental power or con-

structive authority, exercise any jurisdiction not expressly conferred by law." Code, 1939, Art. 93, Sec. 272. The orphans' courts cannot enforce or administer a trust; equity alone has this power. *Blumenthal v. Moitz,* 76 Md. 564, 566, 25 A. 686; *Taylor v. Bruscup,* 27 Md. 219; *State, to Use of Gable v. Cheston,* 51 Md. 352, 380; *Redwood v. Howison,* 129 Md. 577, 592, 99 A. 863; *In re Hagerstown Trust Co., Ex'r of Mealey,* 119 Md. 224, 232, 86 A. 982; *Pope v. Safe Deposit & Trust Co.,* 163 Md. 239, 246, 161 A. 404.

The exercise of the power of appointment by a will of a trust estate created in her lifetime by a testatrix under a power of appointment does not take the estate out of equity, or confer jurisdiction on the Orphans' Court. The will is the direction by the donor or the donee, as the case may be, to the trustees as to the disposition by the trustees of the trust estate even though the deed of trust states that the "trust hereby created shall cease." with the death of the donor. The responsibility of the trustees does not end until they shall have discharged the trust and settled with the donees, who in this case were designated by the will, which was the exercise of the power of appointment by the will. *Harlan v. Gleason,* 180 Md. 24, 22 A. 2d 579. As said by Mr. Miller, in his *Construction of Wills,* 728, Sec. 254: "When the person holding a power of appointment over property executes it by making the appointment by his will, the property does not pass through his estate, but passes directly to the persons designated by him. Thus legacies appointed under a power do not pass through the executor of the donee, and do not depend upon the settlement of the donee's estate: the donee simply executes the power given by the donor by naming and appointing the persons who are to take the property." *Venable, Real Property,* 169; *Harrison v. Denny,* 113 Md. 509, 524, 77 A. 837; *Prince de Bearn v. Winans,* 111 Md. 434, 472, 74 A. 626; *Safe Deposit & Trust Co. v. Gittings,* 103 Md. 485, 497, 63 A. 1046. It can make no difference

that Mrs. Nicols was both donor and donee of the trust; it was irrevocable, and the only power reserved was the power of appointment.

From what we have said, it therefore follows that the only property of Lucy Riely Nicols to be administered in the Orphans' Court is one appraised at $145, and the order appealed from must be reversed and the case remanded for action in accordance with this opinion.

> *Order reversed and case remanded, with costs.*