FILMORE COOK, Executor *v.* MINNA ARONHEIM, ET AL.

[No. 86, October Term, 1945]

140

*Decided March 14, 1946.*

. The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Fillmore Cook* for the appellant.

*Edward L. Ward* for the appellees.

COLLINS, J., delivered the opinion of the Court.

One Benjamin Sternheimer died December 24, 1942. His will was admitted to probate by the Orphans' Court of Baltimore City on January 8, 1943. Belle H. Stern-heimer, the widow of the deceased, and Fillmore Cook, named as executors of the will without bond, qualified the same day.

The inventory of the personal estate of the deceased, Benjamin Sternheimer, was not filed until February 1,

1944. The first administration account was filed by Fillmore Cook, surviving executor of Benjamin Sternheimer, on June 13, 1945, Belle H. Sternheimer having died on November 1, 1944.

The account shows that the corpus of the estate of Benjamin Sternheimer consisted of:

|  | Appraised Value |
|---|---|
| Preferred Stocks | $9,347.38 |
| Common Stocks | 9,489.13 |
| Bonds | 84,031.45 |
| Balance in Savings Banks & Building Associations | 10,055.12 |
| Cash in Bank | 2,147.78 |
| Cash in home | 18.50 |
| Diamond Stud | 250.00 |
|  | $115,339.36 |

Six exceptions to this first administration account were filed by residuary legatees on June 14, 1945. The Orphans' Court by order passed on July 30, 1945 sustained the first, second, and third exceptions; held for further hearing and consideration the fourth exception; partially sustained the fifth exception; and did not pass on the sixth exception.

From that order of the Orphans' Court, the said Fillmore Cook in three capacities; (1) As executor of the last will and testament of Belle H. Sternheimer; (2) as remaining trustee under the last will and testament of Benjamin Sternheimer; (3) as surviving executor of the last will and testament of Benjamin Sternheimer; appeals to this Court. *Flack's Code*, 1939, Article 5, Section 64; *Dorsey v. Warfield*, 7 Md. 65; *Cecil v. Cecil*, 19 Md. 72, 81 Am. Dec. 626; *Meyer v. Henderson*, 88 Md. 585, 590, 591, 41 A. 1073, 42 A. 241.

Here he abandons his appeal on the second exception whereby the Orphans' Court ordered that one half of the executor's commissions be allowed the estate of Belle H. Sternheimer, the said Fillmore Cook having distributed

all the executor's commission to himself in the account filed.

The order on the first exception struck from the administration account charges of $16.89 for interest due on the income tax for the year 1942; $30.41 for interest due on the income tax for the year 1943; and $49.53 as interest payment on the delayed federal estate tax return. The appellant states that he did not file the federal income tax returns for the years 1942 and 1943 until December 26, 1944. We see no reason why the estate should be penalized for the failure of the executor to file the income tax returns in time. The Orphans' Court was correct in disallowing these items which should be paid by the executor personally. In the testimony before us he fails to adequately explain why the interest was paid in the amount of $49.53 on the delayed federal estate tax return and therefore the Orphans' Court was correct in disallowing that item.

The fourth exception relates to the seventeenth clause of the will of Benjamin Sternheimer. In that clause he recited the fact that during his lifetime he had endeavored to provide a separate estate for his wife, Belle H. Sternheimer, of at least $40,000 to be exclusively owned and controlled by her, irrespective of other gifts, legacies, and devises made to her, by conveying to himself and her, as tenants by the entireties, certain ground rents, investments in Building Loan Associations, and bank funds upon such terms that upon his death such ground rents, investments, and funds would become the sole property of his wife. In the seventeenth clause he directed that should these ground rents, investments, and funds not equal or exceed the value of $40,000, "then from the estate of which I may die siezed and possessed, I give, devise and bequeath unto my said wife, Belle H. Sternheimer, such additional ground rent investments, Building Association investments, or cash absolutely as may be necessary to bring the total value of the separate estate of forty thousand dollars, which I have endeavored to

create and provide for her after my death to said value of forty thousand dollars." The appellant claims that it was his duty as surviving executor to ascertain if the jointly owned property aforesaid amounted to $40,000. He secured the services of two of the appraisers of the Orphans' Court to make an appraisal of this jointly owned property. They arrived at an appraisal of $37,961.39 and therefore he made a charge in his administration account of $2,038.61 to make up the amount of $40,000. This fourth exception was to this charge of $2,038.61, the exceptants alleging that the fair market value of said jointly owned property would aggregate the sum of $40,000. The Orphans' Court disallowed this item of $2,038.61 and ordered that it be held by the surviving executor for further consideration of the Court, "when and if the exceptants and the surviving executor shall stipulate as to the filing of the inventory of said jointly owned property, prepared by the appraisers of this Court at the request of said Surviving Executor, and a further stipulation that said question of valuation shall be heard by this Court upon the testimony to be produced by said exceptants and said Surviving Executor in connection with the valuation of said property." As there was no determination of this question, held for further consideration, there is no appeal from that ruling. *Mack v. Pairo,* 136 Md. 179, 182, 110 A. 198; *Fleishman v. Kremer,* 179 Md. 536, 542, 20 A. 2d 169.

The question comes here, however, on an exception to the refusal of the Orphans' Court to admit the appraisal in evidence at the hearing. The Orphans' Court did not abuse its discretion in refusing to admit this appraisal in evidence until testimony could be taken before that Court as to the valuation of said properties and the fairness of the appraisal.

The third and fifth exceptions relate to the nineteenth item of the will of Benjamin Sternheimer whereby the rest, residue, and remainder is left unto Fillmore Cook and the Safe Deposit and Trust Company of Baltimore,

in trust to pay quarterly the net rents, issues, and profits therefrom to his wife, Belle H. Sternheimer, for her life "and in the further trust that after the payment of the Collateral Inheritance taxes due on the distributive shares hereinafter set forth, which I direct my said Trustees to pay from the corpus and any rents, issues, income and profits remaining unpaid to my wife at the time of her death, to distribute and divide said corpus and all rents, issues, income and profits thereof which shall not have been paid at the time of my death to my said wife, Belle H. Sternheimer, among and unto the following persons in the following sums and proportions." The Safe Deposit and Trust Company refused to act as trustees for this trust. These exceptions are to the allowance of an aggregate amount of $6,761.81 in the account under dispute to Fillmore Cook, trustee for benefit of Belle H. Sternheimer, life tenant, claiming that this amount is not income to the estate of Belle H. Sternheimer, but the same passes in accordance with the provisions and directions of paragraph nineteen. of the will of Benjamin Sternheimer. The Orphans' Court ordered that of this sum $2,183.88 is disallowed as income to the estate of Belle H. Sternheimer and should be a part of the corpus of the estate of Benjamin Sternheimer "less such amount of interest, if any, upon that portion of the corpus remaining and not used to pay said legacies, debts, Federal Estate taxes, income taxes and costs of administration." The Orphans' Court further ordered that as to the balance of $4,577.93, the "income payable to the estate of Belle H. Sternheimer derived from the residue of said estate, shall be allowed from the death of the testator on December 24, 1942, to the end of the last quarter when said income was payable in accordance with the terms of the will of Benjamin Sternheimer, deceased, which would be September 24, 1944, as the said Belle H. Sternheimer died on November 1, 1944."

In either case it would go to Fillmore Cook, remaining trustee of the state of Benjamin Sternheimer for distribu-

tion. *Washington County Hospital Ass'n v. Hagerstown Trust Co.*, 124 Md. 1, 91 A. 787, L. R. A. 1915 A, 738. On appeal the appellant, although he swore to the account as filed and attempted thereby to make some distribution thereunder as trustee, here claims that the Orphans' Court had no jurisdiction to determine how the trustee under the nineteenth item of the will of Benjamin Sternheimer should distribute the income to be turned over to him for distribution.

The appellees on the other hand contend that although the Orphans' Court might not have jurisdiction, for a speedy distribution of the trust this Court should now determine the questions presented by these two exceptions. It is true that the Orphans' Court, being of limited jurisdiction, cannot enforce or administer a trust. Equity alone has this power. *Nicols v. Estate of Nicols*, 181 Md. 582, 584, 585, 31 A. 2d 326. Nor can jurisdiction be conferred upon a court by consent of the parties. *Strite v. Reiff*, 55 Md. 92; *Meyer v. Henderson*, 88 Md. 585, 41 A. 1073, 42 A. 241, *supra*. As to appellees contentions that we on appeal should pass on these questions, we here on appeal in this case can render only such judgment as the Orphans' Court should have rendered. *Levering v. Levering*, 64 Md. 399, 414, 2 A. 1; *Flack's Code*, 1939, Article 5, Section 67, *supra*. The executor by the position taken by him in this Court has voluntarily here withdrawn the items covered by the third and fifth exceptions from the administration account in dispute. If the Orphans' Court had no jurisdiction over these maters, which we find, they of course should not have been so placed in the administration account. By the withdrawal of these items here, there is nothing for us to pass upon and the appeal as to the third and fifth exceptions is dismissed.

As to the sixth exception, the Orphans' Court held that it had no jurisdiction to pass on the matter excepted to and made no decision. Therefore there is nothing for this Court to pass upon as to this exception and the appeal is dismissed as to the sixth exception.

We therefore sustain the ruling on this first exception. The appeal on the second exception is abandoned. The ruling on the fourth exception is sustained. The appeal as to the third, fifth, and sixth exceptions is dismissed.

The administration of the estate of Benjamin Sternheimer, consisting of stocks, bonds, and cash should not have been difficult or protracted in the Orphans' Court. The executor however did not file an inventory until over thirteen months after the probate of the will. The first administration account now before us was not filed until more than two years and five months after the probate of the will, and more than one year and five months after the filing of the inventory. The executor attributes this delay in part to the fact that he had other work to do and also to the difficulty in obtaining office help. He had the option of qualifying as executor or of refusing that office. He saw fit to qualify as executor and when he did so he was required to be faithful and diligent in that office. *McGuire v. Rogers,* 74 Md. 192, 199, 21 A. 723. He has not been diligent in that office. As a result the beneficiaries of this large estate have been unjustly delayed in the receipt of the legacies, unnecessarily and without reason, for a long period of time. The surviving executor should therefore pay interest, personally, on these legacies from the due date of the first administration account which was January 8, 1944. *Flack's Code,* 1939, Article 93, Section 1; *Gwynn v. Dorsey,* 4 Gill & J. 453, 462; *Thomas v. Visitors of Frederick County School,* 9 Gill & J. 115, 119, 120; *Ing v. Baltimore Association for Improving the Condition of the Poor,* 21 Md. 426, 427, 431, 432. This is not a penalty imposed upon him. It is a just contribution to the distributees for the unnecessary delay in the receipt of the money due them.

Accordingly it is hereby directed that the first administration account of Fillmore Cook in the estate of Benjamin Sternheimer be amended (Flack's Code, 1939, Art. 5, Sec. 67), by striking out the items of $16.89, $30.41,

and $49.53 considered in the first exception. One half of the executor's commissions, considered in the second exception, is to be paid the estate of Belle H. Sternheimer. The sum of $2,038.61, considered in the fourth exception, is to be held as directed by the Orphans' Court, subject to the further order of that Court. Fillmore Cook is to be charged personally with interest from January 8, 1944 on the legacies in the will of Benjamin Sternheimer to Minna Aronheim, Ferdinand Kohner, Rhea Shapiro, Emanuel Kohner, Margaret Donaldson, Solomon Zemon, Samuel Zemon, Associated Jewish Charities, Milton Kohner, Belle H. Sternheimer, Catherine E. Cook, June Robbins, Hannah Abrams, John W. Rupp, and Mary Rupp, as set out in the administration account. This interest is to be paid to these legatees, their heirs, personal representatives, or assigns. All distribution between corpus and income by the trustee for the benefit of Belle H. Sternheimer is stricken out. All distribution to Fillmore Cook as trustee is stricken out other than the distribution to him as trustee of the balance of the estate. That balance is then to be distributed to Fillmore Cook as remaining trustee under the nineteenth item of the will of Benjamin Sternheimer.

As this case comes here primarily because the surviving executor attempted in the administration account to make distribution as trustee in the Orphans' Court, and here stands on the ground that the Orphans' Court had no jurisdiction to pass on certain parts of the account which he filed in that Court, it does not seem proper to assess the costs against the estate and make the beneficiaries pay for the vacillation of the executor. The costs should therefore be paid by the executor personally. *Flack's Code,* 1939, Article 5, Section 71. The motion to dismiss these appeals in their entirety will be refused. If at the time the final administration account is filed in the estate of Benjamin Sternheimer the executor can produce to the Orphans' Court a receipt showing that the item of $49.53, disputed in the first exception here, was paid as interest on the delayed deficiency federal estate tax it should be allowed

in the final account as there was an additional tax paid and it is difficult to estimate the exact federal estate tax in the first instance.

> *Order of the Orphans' Court affirmed as to the first, second, and fourth exceptions. Appeal dismissed as to the third, fifth, and sixth exceptions. Case remanded for amendment of the administration account in conformity with this opinion. Costs to be paid by Fillmore Cook personally.*