TILGHMAN, INDIVIDUALLY AND AS COEXECUTOR *v.*
FRAZER, INDIVIDUALLY AND AS
COEXECUTOR, ET AL.

[No. 141, October Term, 1950.]

*Decided March 21, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, GRASON and MARKELL, JJ.

*Harrison Tilghman* for the appellant.

*Amos W. W. Woodcock* for the appellees.

MARKELL, J., delivered the opinion of the Court.

This case arises in the administration of the estate of Mrs. Belle H. Tilghman, who died on March 5, 1931, and relates indirectly to the estates of her father and

mother, Dr. Samuel A. Harrison, who died in 1890, and his widow, who died in 1909. Mrs. Tilghman's will was probated and her executors qualified on March 17, 1932. Appellant filed claims against the estate in the Orphans Court. In 1934 appellees filed a bill in equity against appellant for construction of the will. Appellant filed an answer, and a year later an amended answer, and in 1936 appellees filed a replication. In 1938 appellees filed another bill against appellant, asking the court to assume jurisdiction over the estate, in consolidation with the previous Equity case, and for completion of the administration and distribution of the estate and construction of the will. Appellant consented to assumption of jurisdiction and reaffirmed his claim. The court consolidated the two cases, assumed jurisdiction of the administration, and referred the proceedings to an auditor to state audits in conformity with the respective contentions of the parties. Nothing was done before the auditor. In 1947 hearings were had, the court filed an opinion and on January 2, 1948 filed a supplementary memorandum and a decree, from which appellant appealed to this court. On June 17, 1948, we filed our opinion, affirming in part and reversing in part the decree below, and remanding the case for further proceedings. *Tilghman v. Frazer,* 191 Md. 132, 59 A. 2d 781. In response to an application by appellant for a further statement as to the construction of the will, on October 6, 1948 we filed a supplemental opinion, 191 Md. 153, 62 A. 2d 596.

In the lower court on April 19, 1949 an amended decree was filed pursuant to our opinions, whereby among other things, a new special auditor was appointed to state an administration account and a distribution account. On July 28, 1949 the auditor filed a preliminary report that he had determined that there was a deficiency of cash, which approximated $10,000, to pay debts, taxes, other charges and legacies specified in the amended decree. At the request of both executors, appellant and Dr. Frazer, appellee, the court on August

1, 1949 referred the preliminary report back to the auditor to state a more detailed report as to how he arrived at the deficiency of approximately $10,000. On September 3, 1949 the auditor filed a second preliminary report, in which he stated fully his opinion and conclusions on the contentions of the respective parties, his reasons and the authorities deemed pertinent, and set out fully his computations, showing, as of June 10, 1949, a cash deficiency of $10,036.45, "reported at the amended figure of approximately the sum of $10,040". To this report lengthy exceptions, in the nature of briefs with citation of authorities, were filed by both appellant and appellees. These exceptions were heard by the court and briefs filed. On August 21, 1950 the court filed a "memorandum" expressing accord with the auditor's views, but expressly refrained from final ratification of the auditor's report, and instead filed an order requesting the auditor to file a third preliminary report, including computations only, showing the estimated amount of securities necessary to be sold [*i.e.*, the cash deficiency] as of September 1, 1950. On October 27, 1950 the auditor filed his third preliminary report in which he showed, with computations only, "the estimated amount of securities necessary to be sold as of September 1, 1950" to be $9,964.91. On November 2, 1950, the court filed an order, (1) directing the executors, in conformity with the opinion of August 21, 1950, "to sell forthwith such of the securities * * * as they * * * may deem advisable to supply the deficiency estimated, to wit, the sum of approximately $10,000," and (2) that appellant, appellees Mrs. Frazer and her children, or any of them may purchase the securities to be sold, and use certain sums payable to them under the amended decree. At the argument we were informed that both executors united in selling securities under the order, and all the persons mentioned in the order elected not to purchase.

On November 28, 1950 appellant appealed "from so much of" the order of November 2, 1950 "as ratifies, or appears to ratify, the disposition of the accumulated

income as in said report provided", and specifically "from the application of any of the income received by the executors * * * to *corpus,* or any obligation nonpayable out of *corpus,* except the application of certain income to the payment of the principal of legacies as provided in paragraph 22 of the will, and also appeals from the non-application of a *pro-rata* share of the income, from the date of the death of this testatrix, to the funds which she held in a fiduciary capacity to pay certain legacies to Harrison Tilghman and Mary Foxley Tilghman Frazer as displayed by paragraphs three and four of her will."

Appellees have moved to dismiss the appeal because the order of November 2, 1950 is not a final decree or an order in the nature of a final decree. Code, Art. 5, sec. 30. The case has been heard on the motion to dismiss, without printing any of the record except the order appealed from.

Manifestly the order of November 2, 1950 is "an order for the sale of real or personal property", which is expressly appealable under section 31. But the limited terms of the appeal do not include appeal from the order for sale but only "from so much of the order as ratifies [or appears to ratify]" disposition of income as provided in the report. If appellant had appealed from the order for sale, he later waived any such appeal by participating in making the sale. *Stewart v. McCaddin,* 107 Md. 314, 68 A. 571. The words bracketed above we disregard as either tautologous or meaningless. The question remains, how much of the order ratifies any disposition of income in the auditor's report? Obviously, none at all, because the order does not ratify in any respect the distribution of *corpus* or income recommended in the report. The appeal, therefore, is premature. Moreover, if clear manifestation of a present disposition to ratify the auditor's report, or the principles of the report, in the future constituted an appealable decree or order, the "memorandum" and order of August 21, 1950 would have been no less appealable than the order

of November 2, 1950. Thus, if the appeal of November 28, 1950 were not too early, it would be too late.

At the argument we were informed that the auditor has recently filed a fourth report, bringing his accounts nearer up to date, to which exceptions would be filed within the few days yet remaining for that purpose. If and when this report, or any modified accounts in lieu of it, are finally ratified, such an order of ratification will be a final decree or order in the nature of a final decree.

> *Appeal dismissed, costs in this court to be paid by appellant, costs in the lower court to be paid out of the estate.*