TILGHMAN, Individually and as Co-Executor *v.*
FRAZER, Individually and as Co-Executor

[No. 173, October Term, 1950.]

Decided June 15, 1951.

Rehearing denied October 2, 1951.

The cause was argued before MARBURY, C. J., and GRASON and MARKELL, JJ., and GRAY, JR., J., Chief Judge of the Seventh Judicial Circuit, specially assigned.

*Harrison Tilghman* for the appellant.

*Amos W. W. Woodcock* for the appellee.

GRAY, JR., J., by special assignment, delivered the opinion of the Court.

This case involves the estate of Belle H. Tilghman, which has been the subject matter of prolonged litigation. Administration was originally undertaken in the Orphans' Court of Talbot County and thereafter two suits were instituted in the Circuit Court of that county involving the estate. The case has been before this Court on three prior occasions: *Tilghman v. Frazer*, 191 Md. 132, 59 A. 2d 781, in which a construction of the will of the testatrix and several related questions were determined by the Court; 191 Md. 153, 62 A. 2d 596, in which the Court, upon petition of the appellant,

supplemented the prior opinion; and *Tilghman v. Frazer,* 197 Md. 478, 79 A. 2d 535, in which a further appeal was dismissed as premature. The present appeal is from an order sustaining a demurrer and dismissing without leave to amend a petition filed in the equity cause now pending in the Circuit Court for Talbot County. This petition seeks to hold John Frazer personally liable to the appellant for what the appellant claims to be negligence and dereliction in the performance by Frazer of his duties as co-executor of Mrs. Tilghman's will.

It is urged on behalf of the appellee, Frazer, that the Circuit Court for Talbot County had no jurisdiction in the equity case, involving the construction of Mrs. Tilghman's will and related matters, to entertain the petition for the relief sought. It is contended by the appellee that the petition sounds in tort and that such liability as there may be on the part of Frazer, if any, must be adjudicated in a court of law. The Court is not impressed with this contention, for the chancellor has assumed general jurisdiction over Mrs. Tilghman's estate, both executors are parties to that cause, and the court has ample authority to terminate all controversies between them relating to their duties as regards the estate.

The concluding paragraph of the petition demands that Frazer be required to pay the petitioner interest on the amounts which have been long overdue to petitioner, and that Frazer be required to reimburse the petitioner for any amounts which have been or may be diverted from him into the estate as a result of the misuse and abuse by Frazer of his powers as co-executor. It is apparent, both from these allegations and from the other contentions set forth in the lengthy petition, that the appellant really seeks to recover from Frazer, personally, interest on the appellant's legacies and established claims for the long period of time during which payment has been withheld. While he also seeks to recover from Frazer personally any sums which have been diverted from the petitioner into the estate, there seems to be no substance to this latter claim. The appellant is entitled to have

paid over to him whatever his mother's will gives him or which may otherwise be payable to him. These sums will, of course, be payable from the estate and there is nothing in the petition to show that they have been diverted to Frazer's personal use or otherwise become unavailable to the appellant. A reference to the first appeal will show that this Court determined that the appellant here was entitled to certain legacies and to the payment of certain claims against the estate but that no interest should be paid to him from the estate on these items, notwithstanding a delay of twenty years in their liquidation. It has been suggested that the question of interest payable to the appellant on his legacies and claims is therefore *res adjudicata*. The Court does not thus interpret the prior decision. In that case there was no request before the Court that Frazer be held personally liable for interest and the Court merely held that interest was not payable *from the estate* on these lagacies and claims. The Court could have determined that the appellant was entitled to interest and that it should be charged against the appellee personally, but the Court did not deal with that question. *Cook v. Aronheim,* 186 Md. 138, 46 A. 2d 105.

The substantial question before the Court is whether, on the facts presented in the record, there is any liability on the part of the appellee Frazer to the appellant for interest on the latter's legacies and claims. After a hearing in the Court below the chancellor dismissed the petition for various violations of the general equity rules in connection with its preparation, and, because the chancellor was convinced that the petitioner had no valid claim in this regard against his co-executor and hence that it would be idle to permit an amendment to his petition, the demurrer was sustained without leave to amend. The Court concludes that the chancellor's determination in this regard was without error. A mere inspection of the petition will demonstrate that it is a verbose and argumentative document, without adequate specification with respect to the facts upon which the petitioner's alleged claim was predicated. The demurrer was correctly

sustained on the technical grounds mentioned by the chancellor in his opinion. However, the petitioner should be afforded an opportunity to amend his petition and to bring it within the requirements of the general equity rules if it appeared to the chancellor or to this Court that in fact he had a meritorious claim against his co-executor. The real question in the case is whether the chancellor abused his discretion in declining to permit an amendment. This question is answered in the negative after a careful review of the pleadings, the briefs submitted on behalf of the appellant, and the facts which otherwise appear from the record in this case. There is no escape from the fact that an unreasonable delay has occurred in bringing this rather simple estate to a conclusion. The matter was pending in the Orphans' Court of Talbot County from 1931 until the equity court took jurisdiction in 1940. In the meantime a proceeding looking to the construction of the will had been instituted in the equity court, but nothing was done toward prosecuting that cause to a conclusion. The equity court did take full jurisdiction of the estate in the second suit filed in 1938, but no final decree was entered therein until 1948. This delay is inexcusable and intolerable. Any third person injured by the delay of twenty years might well be afforded relief against both executors. However, the right of one co-executor to recover from his fellow fiduciary is a different matter. Both executors are equally responsible for the proper and prompt administration of their decedent's estate. Each owes to the other a reciprocal obligation to do his duty and to see that his associate meets his obligation. Adequate machinery was provided both in the Orphans' Court and in the Circuit Court to afford the appellant ample opportunity to require his co-executor to function. Twenty years delay could not have occurred if either executor had done his full duty. The Court reiterates the statement by Chief Judge Marbury in the prior appeal that both parties are in part responsible for the delay:

"Each side accuses the other of being responsible for the delay. Each is in some measure correct."

One of the few specific derelictions that the appellant charges to the appellee is the fact that the appellant presented certain claims to the Orphans' Court and directed the Court to withhold a decision as to whether or not they would be passed for payment until his co-executor could "take a position" with respect thereto and that the appellee would never thus "take a position". Obviously the appellant, or any other creditor of the estate, could not be prejudiced by any such refusal to act. The appellant had a right to require the Orphans' Court to act on his claim, seek specific performance of any agreement he had with the appellee, and if necessary to resort to a suit at law or in equity to establish the appellant's claim. *Strasbaugh v. Dallam,* 93 Md. 712, 50 A. 417. The appellant contends that the appellee prejudiced him and misled the Circuit Court by inducing that court not to take full jurisdiction of the estate in the first equity case and then omitted to cooperate in bringing the estate to a conclusion in the Orphans' Court. If the appellant felt that the Circuit Court was in error he could have insisted upon a formal ruling and had the case reviewed at that stage by this Court.

There has been an inordinate delay in the conclusion of this estate even after the Circuit Court took jurisdiction in 1940. If this delay was caused through any acts of omission or commission on the part of Frazer the appellant had ample remedy in the court where the case was pending. If the appellant felt at any time that his co-executor was not performing his duty he had a right to seek his removal in the Orphans' Court, Article 93, Section 255, or in the Circuit Court. He did file a petition in 1939 seeking removal of the co-executor, but when the petition was dismissed by the Orphans' Court his attempt in that direction was abandoned. The appellant was bound to perform with dispatch all duties required of him as was the appellee. Appellant had the responsibility to see that his co-executor performed his duties and to take appropriate steps to compel him to do so. Had he performed this duty it is certainly clear that the estate would have been long since settled. If

he failed to pursue the remedies then available to him, or if the courts failed to take appropriate or prompt action, these are matters which are not susceptible of redress against his co-executor. It is clear from the petition which is the subject matter of this appeal that the appellant did not adequately press his right to compel the early conclusion of his mother's estate.

We have examined the record in this cause in an effort to find any fact which might establish any liability on the part of the appellee Frazer for the delay occurring in this estate. We can find no allegation of fact which would create any liability on the part of the appellee in the face of the indifference shown by the appellant. The Court concludes that the chancellor did not abuse his discretion in sustaining the demurrer to the appellant's petition without leave to amend.

Motion was filed in this cause by the appellant for a writ of diminution for the purpose of enlarging the record by including therein certain proceedings which had theretofore been stenographically reported, which were listed as Item 9 in the appellant's designation of record in this case. It appears that the appellee objected to incorporating this data in the transcript and that this objection was sustained by the chancellor after a hearing. This designation should not have been excluded from the transcript. It was the purpose of this court in passing the current rules with respect to appeals to relieve the trial courts of the responsibility of determining the record to be transmitted, except to make the transcript conform to the facts in accordance with Rule 18. *Francies v. DeBaugh,* 194 Md. 448, 71 A. 2d 455. Counsel for the respective parties have the responsibility of determining the record, subject, of course, to be charged with costs if data is improperly incorporated therein. However, the Court has considered the documents mentioned in the motion and finds nothing therein to alter the views here expressed.

*Order appealed from affirmed with costs.*