## In re ADOPTION OF A MINOR.
### No. 7641.

United States Court of Appeals for the District of Columbia.

May 12, 1941.

Louis Ottenberg, of Washington, D. C. (H. Max Ammerman, of Washington, D. C., on the brief), for appellant.

Leslie C. Garnett, and Edward Stafford, both of Washington, D. C. (Henry H. Pike, of Washington, D. C., on the brief), for appellees.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

VINSON, Associate Justice.

■ This case involves the validity of an adoption decree in the District Court. It was prepared, heard, and decided before our decision in Barnes v. Paanakker, 72 App.D.C. 39, 111 F.2d 193. As in that case, at the time of judgment, the District Court had not promulgated rules to govern such proceedings in accordance with Congress' express authorization. In lieu of such rules we must give a special independent consideration to the question whether the procedure in the District Court fully protected the interests of the adoptee.

■ The petitioners for adoption, who have cared for the child in loco parentis since April, 1930, and the natural mother are the adverse parties. Represented by able counsel, they have joined battle on all fronts fighting with the passion common to such proceedings, but with admirable restraint. The petitioners adequately presented what they had done for, and would offer, the child. The natural mother showed all that her home would mean to the child henceforth. The natural father unconditionally consented to the adoption. The Board of Public Welfare made a highly satisfactory report. The innocent pawn, a spendid, well rounded, intelligent child of 11 years, was interviewed for two hours by the court, in chambers, with the consent of the parties. All factors in respect of the best interests of the adoptee including all facts pertinent to the judge's consideration of abandonment and extraordinary cause (the finding of either dispenses with the necessity of parental consent) were tested in the crucible of a thorough hearing, in which the adoption was vigorously presented and vigorously contested and the cross examinations were rigorous. We

must conclude that the interests of the child were properly presented to the court.

■ Appellant contends that a guardian ad litem must be appointed to represent the interests of the adoptee, as demanded by our decision in the Barnes case for that proceeding. It was clearly stated, however, that a guardian ad litem was not necessary in all cases. To make such a requirement here would be mere formalism. In the Barnes case the appointment of a guardian ad litem was necessary because no one capably represented all of the interests of the adoptees. The record showed that the father could not be regarded as an adequate protector of the interests of the adoptees. That was so because the father by his peculiar status was not an adverse party in fact. Here, all of the interests of the adoptee were presented by the several

■

witnesses for adverse parties, and, in addition, the court conducted a meaningful interview with the child. There is no requirement that there must be one person, such as a guardian ad litem, representing all possible interest of the adoptee. Often, as here, adverse parties will present fully the adoptee's interests.

■ This leaves the question of whether the District Court erred in reaching its findings and conclusions. The nature of the case arouses the deepest emotions. The District Court, as is apparent from the record, felt it. We feel it. The adoption of a child is the issue; her best interest, the stake. A Solomon is needed. In his absence, exercising our appellate function, we find no error in the decree of the District Court.

**Affirmed.**