ALICE T. BUNKER *vs.* ARTHUR R. MAINS.

Sagadahoc.    Opinion, October 29, 1942.

*Charles T. Small,*

*Edward W. Bridgham,* for the plaintiff.

*Eugene F. Martin,*

*John P. Carey,* for the defendant.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, JJ.

MANSER, J. This is an action brought by the mother of Marjorie Bunker, a minor, to recover damages for her seduction. Verdict was for the plaintiff.

On the defendant's brief, the right of the particular plaintiff to maintain the action is challenged. It was not raised specifically by the pleadings, no request for instructions to the jury on the point is indicated by the record and no exceptions were reserved. The case comes forward solely on a motion for a new trial upon the usual grounds that the verdict was against the law and the evidence. But when contention is that an action would not lie in behalf of the plaintiff, it strikes at the very foundation of the case and will be considered upon the ground that the verdict was against the law. *Berry* v. *Pullen,* 69 Me., 101, 31 Am. Rep., 248; *Bigelow* v. *Bigelow,* 93 Me., 439, 45 A., 513; *Pierce* v. *Rodliff,* 95 Me., 346, 50 A., 32; *Simonds* v. *Maine T. & T. Co.,* 104 Me., 440, 72 A., 175, 28 L. R. A. N. S., 942.

The basis of the claim is that an action for seduction of a minor can be maintained only by her father. Marjorie Bunker was born out of wedlock. It appears that no proceedings were ever taken to determine the parentage, and no one was ever legally adjudicated to be her father. When Marjorie was over a year old, her mother, the plaintiff, married and Marjorie appears to have been brought up in the household. There is noth-

ing in the record which discloses whether the husband of the plaintiff ever assumed parental rights or obligations or placed himself in loco parentis to her child. The stepfather of an illegitimate child is not under any obligation to support it. Such is the common law rule as laid down in most jurisdictions. 39 Am. Jur., Parent & Child, § 62; *Parker* v. *Nothomb*, 65 Neb., 315, 93 N. W., 851, 60 L. R. A., 699, 57 C. J., Seduction, § 24; *Taylor* v. *Daniel*, 98 S. W., 986.

By statute an illegitimate child is the heir of its mother, R. S., c. 89, § 3. It has the settlement of its mother. R. S., c. 33, sec. 1, sub div. III. This form of action is based upon the legal fiction of loss of service and the relation of master and servant must exist. Ordinarily, in the case of a minor daughter, such relation is presumed to exist between her and her father. *Beaudette* v. *Gagne*, 87 Me., 534, 33 A., 23. Here on the record there was no father, in legal contemplation, and all the obligations of care, nurture and support and the correlative rights to service and earnings devolved upon the mother, and she took the place ordinarily belonging to the father. This is the rule universally adopted unless otherwise provided by statute. 7 Am. Jur., p. 668, § 61. As such, she has a right of action for the seduction of her minor child. *Furman* v. *Van Sise*, 56 N. Y., 435, 15 Am. Rep., 441; see also annotation to *Coon* v. *Moffet* in 4 Am. Dec., 392, at 405. The verdict was not against the law.

It would serve no useful purpose to discuss the facts. Suffice it to say, a careful review of the record discloses that all the elements necessary to entitle the plaintiff to a verdict were supported by evidence, credible, reasonable and consistent with the circumstances and probabilities of the case, and which as a whole preponderated in favor of the finding of the jury, so no ground exists to require a new trial. There was no claim that the damages awarded were excessive.

*Motion overruled.*