## ROBERTS *v.* ROBERTS
[No. 178, October Term, 1950.]

▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮

*Decided June 15, 1951.*

▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮

The cause was argued before MARBURY, C. J., and COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Thomas E. Mason,* with whom was *Jerome A. Loughran* on the brief, for the appellant.

The Court declined to hear argument for the appellee.

*Charles E. Hogg,* with whom was *William Henry Forsythe* on the brief, for the appellee.

MARBURY, C. J., delivered the opinion of the Court.

This case arises in connection with a bill for divorce filed by the appellant against the appellee. The original bill was filed on July 8, 1948, asking for a divorce *a vinculo.* Defendant failed to appear, a decree *pro confesso* was entered, and testimony was taken before an examiner to substantiate the allegations of the bill. The ground on which the appellant then asked for divorce was constructive desertion. Before any final decree was entered, the father of the appellee filed a petition alleging that although the appellee had never been adjudicated incompetent and had no legally constituted guardian, she was laboring under such mental incapacity that she was unable to defend the suit. Thereupon a guardian *ad litem* was appointed, and he then filed a petition requesting that the decree *pro confesso* be stricken out. This was done on the 14th of September. The

court granted the guardian *ad litem* the right to file an answer, and also granted leave to take testimony. The ordinary formal answer then was filed by the guardian *ad litem,* submitting the rights of the appellee to the protection of the court, and thereafter the appellant asked and received leave to file an amended bill. In the amended bill, he asked for a divorce *a vinculo,* re-alleging constructive abandonment, and further alleging that the appellee was permanently and incurably insane, with no hope of recovery, and had been in such condition since July 27, 1937, at which time she was admitted to Sheppard and Enoch Pratt Hospital. The guardian *ad litem* answered this amended bill, denying the material allegations and stating that the appellee had not been a patient in any institution, or on probation from, or under the supervision of, any institution for a period of three years before the filing of the amended bill of complaint. Thereafter appellant filed a petition for a mental examination of the appellee under Discovery Rule 5 of the General Rules of Practice and Procedure of this court. (Flack's 1947 Supp. Annotated Code, p. 2038). This was opposed and denied by the court, and from its order this appeal was taken. The order was that the prayer of the petition be denied "without prejudice to the plaintiff's right to renew his application for the mental examination of the defendant in the event such defendant's mental condition becomes material to some issue involved herein."

When the Legislature added to the causes for divorce that of permanent and incurable insanity, it did not leave this question to be determined as other questions are determined, by general proof, but required certain specific facts to be shown. No divorce on such grounds could be granted unless the person claimed to be insane should first have been confined in an insane asylum, hospital or other similar institution for a period of not less than three years prior to the filing of the bill, and, second, not unless the court should find from the testimony of two or more physicians competent in psychiatry that such

insanity is permanently incurable, with no hope of recovery. We had this statute before us in the case of *Dodrer v. Dodrer*, 183 Md. 413, 37 A. 2d 919, and held that the confinement included the placing of a patient in a private home under the supervision of the person who conducted the hospital or insane asylum. We did not, however, and could not, change the positive prohibition of the Legislature against granting a divorce for insanity unless the two mentioned requirements of proof were complied with.

In the case before us, there is an allegation that the appellee has been incurably insane since 1937, and there is also an allegation that she was transferred from Sheppard and Enoch Pratt Hospital in 1938 to Spring Grove Hospital, and after remaining there a short time, she was discharged to be admitted to a private hospital, namely, Gundry Sanitarium. The answer of the guardian *ad litem* states that the defendant had not been under the control, supervision, or treatment of any institution since February 21, 1938, a period of about eleven years, during which time she has lived in her own home entirely without hospital care or supervision. We understood that appellant, in his oral argument, agreed that this was a correct statement of fact. However that may be, there is no allegation in the amended bill that, for three years prior to the time of the original bill, appellee has been confined in an institution or under its supervision. In the absence of such an allegation and proof to support it, appellant cannot obtain a divorce on the ground of insanity, and an examination of the appellee for the purpose of determining whether or not she is insane, cannot result in benefit either to the appellant or to her.

The appellant said in his oral argument that he was entitled to an examination to find out where he stood; that the mental condition of appellee is material to the issues in the case; that the psychiatrists might determine that appellee was not incurably insane, and in that case, appellant could proceed to try his case on the ground of

constructive desertion. The difficulty with this is that he alleges in his bill of complaint that his wife is permanently and incurably insane, and has been so since July 27, 1937. He cannot be heard to ask leave to disprove his sworn statement to this effect by the testimony of psychiatrists.

We have discussed the questions raised in order to show the basis of the chancellor's decision and that it was not arbitrary. Under Rule 5, the action of the chancellor was discretionary, and his order was interlocutory. It was not a final order, nor in the nature of a final order, and it is clearly not appealable to this court. See *Barnes v. Lednum*, 197 Md. 398, 79 A. 2d 520, and *Tilghman v. Frazer*, 197 Md. 478, 79 A. 2d 535. In *Purdum v. Lilly*, 182 Md. 612, 35 A. 2d 805, the facts were entirely different, and, under the circumstances there shown, the denial of the right of examination practically disposed of the case. We there held the order appealed from was final. Under the circumstances here, the appeal will have to be dismissed.

*Appeal dismissed with costs.*