21 N.J. Super. 486 (1952)
91 A.2d 446
ROSE RUBENSTEIN, PLAINTIFF,
v.
JOSEPH RUBENSTEIN, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided September 30, 1952.
Messrs. Feder & Rinzler (Mr. Joseph A. Feder appearing), attorneys for plaintiff.
Mr. Carl F. Nitto, attorney for defendant.
*487 HEGARTY, A.M.
Defendant's motion brings up for consideration his application for an order requiring the plaintiff to submit to physical examination by Dr. Joseph F. Zigarelli, of Paterson, New Jersey. The application is based upon Rule 3:35 and 3:35-1 which provides:

"Rule 3:35. PHYSICAL AND MENTAL EXAMINATION OF PERSONS.

3:35-1 Order for Examination.
In an action in which the mental or physical condition of a party is in controversy, the court in which the action is pending may from time to time order him to submit to a physical or mental examination by a physician. For the purposes of Rule 3:35, an examination shall be deemed to include the taking of x-ray radiographs and other tests of physical or mental condition. The order may be made only on motion for good cause shown and upon notice to the party to be examined and to all other parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."
Plaintiff resists the right of defendant to have such examination and contends the language of the above-stated rule does not, within its provisions, authorize physical or mental examinations in matrimonial suits.
The plaintiff's complaint is for absolute divorce upon the ground of extreme cruelty and charges, in substance, that the behavior of the defendant was calculated and did destroy the marriage and did break down her health, and because of her frail, physical condition, plaintiff became nervous and sick and continued to suffer in ill health, as well as mental anguish, pain and suffering. Defendant answered in denial of the material allegations of the complaint.
It is obvious, from the pleadings, that a situation is now presented which is sufficient to direct the examination of the plaintiff, as requested by the defendant, to determine to what extent, if any, the defendant's alleged conduct and acts of extreme cruelty has produced the deleterious effect upon the plaintiff's health, as charged in her complaint.
I find and conclude that the broad terms of Rule 3:35-1 encompass matrimonial actions. To determine otherwise *488 would be to confine the administration of justice within the procedural straitjacket which it is the tendency of modern jurisprudence to avoid. The rules of court are designed and intended to facilitate the just and speedy disposition of litigation and procedures are provided whereby a party can be informed of the details of his opponent's case. This liberal treatment of procedures also extends to matrimonial actions and it is given emphasis by the language incorporated in the following Rule:

"Rule 3:82. SEVERAL RULES OF CIVIL PRACTICE APPLY: DEFINITION OF MATRIMONIAL ACTIONS.
(a) Unless otherwise provided, the Rules of Civil Practice, governing civil actions shall apply to all matrimonial actions."
In the circumstances, good cause therefor being shown, I have concluded to advise an order requiring the plaintiff, Rose Rubenstein, to submit to physical examination by Dr. Joseph Zigarelli, of Paterson, New Jersey. The order when presented to contain a statement of the time, place, manner, conditions and scope of the examination.
Present form of order for advising and signing after the same has been approved by plaintiff's attorney.