Betty Louise HARRINGTON, Appellant,

v.

Marshall C. HARRINGTON, Appellee.

Marshall C. HARRINGTON, Appellant,

v.

Betty Louise HARRINGTON, Appellee.

Nos. 2197, 2198.

Municipal Court of Appeals for the
District of Columbia.

Argued Aug. 18, 1958.

Decided Oct. 10, 1958.

See also 141 A.2d 755.

Sidney S. Sachs, Washington, D. C., with whom Lewis Jacobs and Julius Poms, Washington, D. C., were on the brief, for appellant in No. 2197 and for appellee in No. 2198.

Katherine M. Staley, Washington, D. C., for appellee in No. 2197 and for appellant in No. 2198.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON, Chief Judge, Retired, sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

Here for review are three parts of a judgment: (1) a decree of divorce granted a husband on the ground of wife's desertion, (2) refusal to award separate maintenance to the wife, and (3) an order requiring plaintiff-husband to support a child admittedly not his own.

From our study of the stenographic transcript we are satisfied the evidence fully supports the finding below that there had been a willful desertion by the wife. We are also satisfied that the circumstances were not such as to entitle the wife to an award of separate maintenance.

The remaining question is whether the trial court was right in requiring the husband to support a child of his wife, which though born during wedlock was not sired by him. The wife, acting in behalf of her child, relies on the presumption of legitimacy—which in this case would become a presumption of paternity. That presumption, as virtually all cases now hold, is rebuttable. Stegall v. Stegall, 22 Fed.Cas. No. 13,351, p. 1226 (opinion by Chief Justice Marshall); Bunel v. O'Day, C.C., 125 F. 303; Bullock v. Knox, 96 Ala. 195, 11 So. 339; In re Walker's Estate, 180 Cal. 478, 181 P. 792; Jones v. State, 11 Ga. App. 760, 76 S.E. 72; Wilson v. Wilson, 174 Ky. 771, 193 S.W. 7; Groulx v. Groulx, 98 N.H. 481, 103 A.2d 188, 46 A.L.R.2d 994; In re Findlay, 253 N.Y. 1, 170 N.E. 471; In re Opperman's Estate, Sur., 115 N.Y.S. 2d 503; In re Simpson's Estate, 175 Misc. 718, 24 N.Y.S.2d 954, affirmed 262 App.Div. 1001, 30 N.Y.S.2d 843; State v. Coliton, 73 N.D. 582, 17 N.W.2d 546, 156 A.L.R. 1403; In re Jones' Estate, 110 Vt. 438, 8 A.2d 631, 128 A.L.R. 704; Carfa v. Albright, 39 Wash.2d 697, 237 P.2d 795, 31 A.L.R.2d 983; 9 Wigmore on Evidence, § 2527 (3d ed. 1940).

The presumption was completely overcome in this case by a mass of evidence, oral and documentary, and by admissions of the wife before and during trial. On argument of this appeal counsel for wife freely conceded that the husband is not the father of the child.

It is the law that a husband is under no basic duty to support a "stepchild" (meaning a child not his own, born to his wife before her marriage to him). Bunker v. Mains, 139 Me. 231, 28 A.2d 734; Parker v. Nothomb, 65 Neb. 308, 91 N.W. 395, 93 N.W. 851, 60 L.R.A. 699; Sargent v. Foland, 104 Or. 296, 207 P. 349; Echols v. Echols, Tex.Civ.App., 168 S.W.2d 282; 2 Nelson, Divorce and Annulment, § 14.80 (2d ed. 1945). Nor is he required to support his wife's offspring born during marriage but not begotten by him. State v. Ray, 195 N.C. 628, 143 S.E. 216.

We recognize that in some situations a husband (or other person) may by actions and conduct place himself in loco parentis. But that status does not arise by chance. "It embodies the two ideas of assuming parental status and discharging parental duties." Niewiadomski v. United States, 6 Cir., 159 F.2d 683, 686, certiorari denied, 331 U.S. 850, 67 S.Ct. 1730, 91 L.Ed. 1859. "The assumption of the relationship is primarily a question of intention, to be shown by the acts, conduct and declaration" of the person involved. Leyerly v. United States, 10 Cir., 162 F.2d 79, 85; Miller v. United States, 8 Cir., 123 F.2d 715. It must be shown that the person *means* to put himself in that position. Neuhard v. United States, D.C.M.D.Pa., 83 F.Supp. 911; Horsman v. United States, D.C.W.D.Mo., 68 F.Supp. 522; Boyle v. Dealer's Transport Company, 184 Pa.Super. 38, 132 A.2d 709; Fitzpatrick v. Hudson Coal Co., 159 Pa.Super. 53, 46 A.2d 589; Schneider v. Schneider, 52 A.2d 564, 25 N.J.Misc. 180.

In this case the only evidence on such point was equivocal at best: it was that the husband was for a time willing to support his wife and her child, provided she would return and resume a normal married life with him. But the wife refused this offer and on more than one occasion vehemently announced she would not permit her husband to assume the role of father to her child. What the situation amounts to, then, is that for a matter of months the husband was willing, under reasonable and even generous conditions, to assume a parental relation to the child. But his wife was never willing. Thus he was denied the attributes and privileges

which might have placed him in loco parentis.

McIntosh v. Benjamin, 94 U.S.App.D.C. 410, 411, 219 F.2d 27, 28, certiorari denied, 348 U.S. 975, 75 S.Ct. 539, 99 L.Ed. 759, relied on by wife, does not require a different result. That was an action by a married mother against a man not her husband on an alleged oral contract to support a child. The opinion referred to "many facets" and "many problems" (on which the court was divided), but did not enlarge on or describe them, and said that

" * * * under the circumstances of this case, including the fact that the husband and wife recognized and supported the child for a substantial period of time, they cannot be heard to say that, living together in the same house, they had no marital relations at or about the time the child must in the normal course of nature have been conceived. * * *"

Here we have a case of a wholly different nature, with a different set of issues, a different alignment of parties, a different public-policy approach, and a different basis for decision. Here there is not the remotest ground for suspicion of collusion.

The presumption of paternity cannot be constituted into a solemn truth when it is so utterly destroyed by evidence uncontradicted and undisputed.

The award of divorce to husband will be affirmed. The order denying support to wife will be affirmed. That part of the judgment requiring husband to support infant child will be reversed.

Affirmed in part; reversed in part.