Daniel PRAGER, Appellant,

v.

Julia SMITH on behalf of Jay Prager and
Bruce Prager, Minors, Appellee.

No. 3311.

District of Columbia Court of Appeals.

Argued Oct. 14, 1963.

Decided Nov. 20, 1963.

Sidney S. Sachs, Washington, D. C., with whom Newton Frohlich, Washington, D. C., was on the brief, for appellant.

Kurt Berlin, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

This is an appeal from a judgment in a reciprocal enforcement of support proceeding in the Domestic Relations Branch directing appellant to pay support for two minor children living with their mother in New York and a legal fee to court-appointed counsel here.

The parents were divorced in New York in 1950 and appellee was awarded custody of the minor children and $200 per month for their support. Appellant complied with the order of support entered against him until April, 1962, when he defaulted in the payment for that month. The mother then initiated this suit on behalf of the minor children by filing a petition in New York pursuant to the Uniform Support of Dependents Law of that state,[1] alleging that the father is legally chargeable with the support of the children and that they are in need of and entitled to support from him.

Appellee's petition was referred to the Domestic Relations Branch here, where, after service upon appellant under the statute in this jurisdiction,[2] he appeared and denied any further duty of support, alleging inter alia, that his former wife and her second husband had followed a course of wilful conduct designed to alienate the affection of the children from him in favor of their stepfather[3] and that as a result they no longer looked upon him as their father.

Appellant contends the trial judge erred in finding he still owed a duty to support his minor children and in requiring him to pay an attorney's fee to counsel assigned to represent his former wife in this jurisdiction. We do not agree and are satisfied that the correct law was applied by the trial judge.

When this suit was commenced by appellee in New York, that court had the primary duty under the statute to decide if she had made a prima facie showing of a need for support for the children and that they were entitled to support from the nonresident father. This was met by a valid, existing decree in another court of that state which imposed upon appellant at the time the marriage ties with appellee were dissolved the duty to support their minor children awarded to her care. When appellee's petition was forwarded here, the responding court had to determine under our local statute whether appellant owed a

---

1. Sec. 37, Subd. 3 of Article 3–A of the Uniform Support of Dependents Law of the State of New York, Chapter 146, Laws of 1958, as amended, McKinney's Consol.Laws, c. 14. Sec. 41 thereof and Sec. 11–1603 of the District of Columbia Code both provide that civil remedies therein are in addition to and not a substitute for any other remedies available to petitioner. See also Figliozzi v. Figliozzi, D.C.Mun.App., 173 A.2d 904.

2. D.C.Code 1961, §§ 11–1601 et seq., Uniform Reciprocal Enforcement of Support Act for the District of Columbia.

3. Appellee married Sidney A. Smith after her divorce. The two boys, now 17 and 15½ years, live with the Smiths but have never been legally adopted by their stepfather.

duty of support and, if so, the amount he should be required to pay for that purpose.[4]

■ Appellant's only defense for not continuing to comply with the New York decree was not his reduced financial ability but that he was no longer the responsible parent owing a duty of support because the alleged conduct of the mother and her present husband constituted an "equitable adoption" of the boys, depriving him of parental status and relieving him of any parental obligation to support them. He seeks to evade his own responsibility, irrespective of the outstanding order in New York, by shifting his duty to the stepfather because of some complaint or grievance he entertains toward the mother and her second husband for allegedly influencing the boys' attitude toward him. We are unwilling to accept this novel theory to defeat the minors' right at this time to his continued financial support.

We have previously held that "a husband is under no basic duty to support a 'stepchild'." [5] With no legal duty upon the stepfather to maintain the children, the trial judge was correct in rejecting appellant's defense and in holding that the two boys could not be denied support from their natural father and that the court here was without authority to terminate the amount fixed for their support by a court of competent jurisdiction in New York. The situation might have been different had their stepfather legally adopted the boys—but such is not the case here. It has long been established that the duty of a natural father to support his minor children is not simply a moral obligation but is a duty imposed by law, and it is not relieved by personal disputes, whether real or fanciful, between contesting parents.[6]

Although appellant does not seriously contest the amount of support set by the trial judge, we have considered the figure, which is identical with the amount fixed for support of the minor children in the New York decree, and we find no error as it seems proper and within discretionary limits.

■ We have ruled in a prior case that the Domestic Relations Branch is empowered to award counsel fees to a mother's court-assigned attorney in a reciprocal support case.[7] Appellant's disregard of his duty to contribute to the support of his minor children by deliberately and without justification failing to comply with the New York order, thereby forcing their legal custodian to file this suit for their protection, fully justifies that he should bear the expense of her attorney's services here.

■ Although the New York statute has a section [8] providing that, where it is the receiving state, if the respondent controverts the petition, the judge shall stay the hearing and transmit to the initiating state a transcript of the clerk's minutes showing the denials entered by the respondent, there is no comparable section in our statute. Appellant has recognized the difference between the statutes on this procedural point but invites the use of the New York

4.  D.C.Code 1961:
    Sec. 11–1602(e) defines "duty of support" to include "any duty of support imposed by statute or by common law, or by any court order, decree, or judgment, * * * whether incidental to a proceeding for divorce * * * or otherwise * * *."
    Sec. 11–1604 provides that "[D]uties of support enforcible under this chapter are those imposed under the laws of any State in which the defendant was present during the period for which support is sought, or in which the dependent was

present when the failure to support commenced or where the dependent is when the failure to support continues. * * * *"

5.  Harrington v. Harrington, D.C.Mun. App., 145 A.2d 121, 122.

6.  Edmonds v. Edmonds, D.C.Mun.App., 146 A.2d 774, 775.

7.  Britt v. Britt, D.C.Mun.App., 153 A.2d 644.

8.  Sec. 37(6).

provision "to further the end of uniformity." Despite this lack of uniformity, we have no power to correct the deficiency, and we hold the trial judge was correct in refusing to apply this section of the New York law to proceedings here.

For the reasons heretofore stated, we affirm the action of the trial court in rejecting appellant's defense and in directing him to continue support payments for his minor children residing in New York and to pay the legal fee awarded court-assigned counsel here.

Affirmed.