**In re ADOPTION of a FEMALE INFANT.**

**No. 4286.**

District of Columbia Court of Appeals.

Argued Oct. 2, 1967.

Decided Jan. 19, 1968.

John C. Williams, Washington, D. C., for appellants. Paul J. Sedgwick, Washing-

ton, D. C., also entered an appearance for appellants.

Leo N. Gorman, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Hubert B. Pair, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for the District of Columbia.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

MYERS, Associate Judge:

Appellants, husband and wife, petitioned the Domestic Relations Branch of the District of Columbia Court of General Sessions for the adoption of a female infant. From the denial of that petition, they have noted the present appeal.

In the years between 1951 and 1966, appellants, as foster parents, provided board and care for numerous wards of the District of Columbia in return for monetary consideration paid by the District. In 1951 appellants adopted one of the first children placed in their care. Normally the children were placed in appellants' home for a few months and then removed. In 1960, adoptee, then a thirty-five day old female infant born out of wedlock, whose mother had relinquished her parental rights to the District of Columbia, was placed in appellants' home. Because the child was sickly, she remained there until 1966.

In May of that year appellants initiated adoption proceedings and the Department of Public Welfare conducted the investigation required by § 16–307 D.C.Code (1967). The

investigation revealed that appellants' marital relationship had deteriorated and that, in the years since appellants had last been investigated, serious personality defects had developed in both husband and wife. The Department of Public Welfare therefore removed the child from appellants' home, recommended that the court deny appellants' petition for adoption, and withheld the consent required by § 16–304(b) (2) (F) D.C.Code (1967).[1]

The court held a two-day hearing to determine whether, in the best interests of the child, it ought to grant appellants' petition despite the withholding of the necessary consent. § 16–304(e) D.C.Code (1967).[2] At the conclusion of the hearing the court denied the petition for adoption.

Appellants contend that the trial judge abused his discretion in denying the petition without first appointing a guardian *ad litem* to represent the child in the proceedings before him, and by refusing to allow appellants to inspect the investigative report prepared by the Department of Public Welfare.

In an adoption proceeding the court's primary concern is the best interests of the infant adoptee. The court has an "affirmative duty to bring those interests fully before it." Barnes v. Paanakker, 72 App.D.C. 39, 44, 111 F.2d 193, 198 (1940). But "[t]here is no requirement that there must be one person, such as a guardian ad litem, representing all possible interest of the adoptee." In re Adoption of a Minor, 74 App.D.C. 50, 51, 120 F.2d 720, 721 (1941). The adoption proceeding is *ex parte* and

1. Consent to a proposed adoption of a person under twenty-one years of age is necessary: * * *
     (2) in accordance with the provisions of any one of the following paragraphs: * * *
     (F) from * * * the Board of Commissioners in case the parental rights of the parent or parents have been terminated * * * by a release of parental rights to the Board * * *, based upon consents obtained in accord-

ance with paragraphs (A) through (E) of this subdivision, and the prospective adoptee has been lawfully placed under the care and custody of the agency or the Board; * * *.

2. The court may grant a petition for adoption without any of the consents specified in this section, when the court finds, after a hearing, that the consent or consents are withheld contrary to the best interests of the child.

"[c]hildren are not necessary parties, and need not always be represented by a guardian ad litem." Boone v. Boone, 76 U.S.App.D.C. 399, 400, 132 F.2d 14, 15 (1942). Where competing parties in the proceeding are given opportunity for a thorough hearing, and the petition is vigorously advocated and contested, and witnesses are cross-examined, the interests of the adoptee can be fully presented to the court. In re Adoption of a Minor, 74 App. D.C. 50, 51, 120 F.2d 720, 721 (1941).

■ In the instant case, petitioners and the Department of Public Welfare, which appeared on behalf of the District of Columbia as adoptee's legal guardian, § 3–117 D.C.Code (1967),[3] to contest the adoption petition, were before the trial judge. With the participants so aligned, we have no reason to doubt that all essential facts concerning the child's welfare were presented and considered by the trial judge. Appellants have not set forth any relevant facts which were not brought to the attention of the trial judge or which might have dictated a different result, nor have they shown that the best interests of the child required the trial judge to appoint a guardian *ad litem*. We find no error in his election not to do so.

■■ Neither did the trial judge err in refusing appellants' attorney access to the investigative report submitted by the Department of Public Welfare. Counsel for appellants was not told the precise details given by each reference and was not permitted to inspect the report personally but the trial judge related to him the findings and the information which had been gathered from the persons appellants had listed as references. While the trial judge, in his discretion, may allow parties to an adoption proceeding to inspect the investigative report if he is satisfied that protection of the child's welfare requires such inspection, § 16–311 D.C.Code (1967),[4] we do not find that the trial judge abused his discretion in the instant case by denying such access. Appellants called numerous witnesses in an effort to establish their suitability as parents and to rebut the findings of the report, but their own witnesses as well as others called by the Department of Public Welfare and by the trial judge, described in detail incidents indicative of serious personality defects in both appellants and descriptive of a marital relationship rendering appellants unsuited to be adoptive parents. If the testimony had indicated that appellants were ideally qualified to be adoptive parents and the report had indicated otherwise, protection of the child's interests might have required that appellants' counsel be allowed to inspect the report so as to be able to rebut any derogatory finding; but such a situation does not exist here, and appellants have not shown that the welfare of the child required their personal inspection of the report.

Upon the record, we rule that the court correctly denied appellants' petition for adoption.

Affirmed.

---

3. The Board shall have full power (1) to accept for care, custody, and guardianship dependent or neglected children whose custody or parental control has been transferred to the Board * * *.

4. From and after the filing of the petition, records and papers in adoption proceedings shall be sealed. They may not be inspected by any person, including the parties to the proceeding, except upon order of the court, and only then when the court is satisfied that the welfare of the child will thereby be promoted or protected. The clerk of the court shall keep a separate docket for adoption proceedings.