---

Mr. Edward J. Skeens, Washington, D. C., was on the brief for petitioner.

Mr. Patrick W. Lee, Washington, D. C., was on the brief for respondent.

Before WRIGHT and ROBINSON, Circuit Judges.

**Angela FULLER, Petitioner,**

v.

**Gerald FULLER, Respondent.**

**No. 22573.**

United States Court of Appeals District of Columbia Circuit.

Decided May 2, 1969.

PER CURIAM:

The District of Columbia Court of Appeals has held in this litigation that a husband who is neither the natural nor the adoptive father of his wife's prenuptial child has no duty to support the child after the marriage is dissolved by divorce.[1] Petitioner, the mother, seeks leave to appeal. On the basis of the court's narrow holding, examined in this opinion, we deny her petition.

In reaching its conclusion, the Court of Appeals rejected several arguments which, if accepted, would have developed

---

1. 247 A.2d 767 (1968).

an obligation to support. It ruled that there was no enforceable express oral agreement which would have contractually bound the husband to maintain the child.[2] Viewing adoption as a creature only of statute, it held that no "equitable adoption" occurred merely because the husband, upon marriage to the mother, took the child into the marital household.[3] It found that elements deemed prerequisite to an equitable estoppel against the husband had not been established by the evidence.[4] And although the court recognized that the husband was under a responsibility to care for the child so long as he stood *in loco parentis*, that relationship had been dissolved by the divorce.[5]

We have no cause to review a decision of the Court of Appeals on issues so local in nature and limited in operation.[6] What has given us pause is the court's characterization of the child as "illegitimate" in its formulation of the issue,[7] and its allusions to that circumstance elsewhere in the opinion. That word provides an accurate description in this case, but its use in the opening, and perhaps most crucial, sentence of the court's opinion led us to scrutinize it to ascertain whether anything therein might be construed as turning on the child's illegitimate status. For if the holding had distinguished and differentiated the husband's duty toward his illegitimate children *vis-a-vis* his legitimate children, it would have presented us with a very substantial constitutional problem.[8]

On analysis of the court's opinion, however, particularly in the light of its prior decisions, that possibility must be rejected. The court has held that the natural father of a legitimate child has a continuing obligation to support the child even though the father's former wife and her new husband allegedly have endeavored to alienate the child's affections from the natural father.[9] In the case at bar, the court ruled specifically that the natural father bears essentially the same responsibility to provide for his illegitimate child.[10] At the same time, the court has also said, a stepfather has no duty to maintain a stepchild absent its assumption by some legally recognizable method.[11] If a second husband who is not the natural or the adoptive father need not support the child during marriage to the child's mother, *a fortiori* he is under no legal mandate to do so after divorce.

It seems clear, then, that the court's initial description of the child involved here as illegitimate was unnecessary to the decision, and that its subsequent references in similar vein were likewise intended to have descriptive rather than decisional significance. In sum, we are satisfied that the result would have been the same had the child been ligitimate,

2. *Id.* at 768–769.

3. *Id.* at 769.

4. *Id.*

5. *Id.* at 770.

6. Fields v. District of Columbia, 131 U.S. App.D.C. 346, 404 F.2d 1323 (1968).

7. "This appeal concerns the legal duty of a husband to support, after divorce, the illegitimate child of his wife born prior to their marriage." 247 A.2d at 768.

8. *See, e. g.*, Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968).

9. Prager v. Smith, 195 A.2d 257, 259 (D.C.App.1963).

10. "The duty of the natural father of an illegitimate child to support his child is a continuing one. It is one imposed by law, not by moralty, and is not relieved by the subsequent marriage of the mother of the child to another." 247 A.2d at 770, citing D.C.Code § 30–320 (1967 ed.); Prager v. Smith, *supra* note 9; Murphy v. District of Columbia, 85 A.2d 805 (D.C.Mun.App.1952); Peters v. District of Columbia, 84 A.2d 115 (D.C.Mun.App. 1951).

11. Prager v. Smith, *supra* note 9, 195 A. 2d at 259; Harrington v. Harrington, 145 A.2d 121, 122 (D.C.Mun.App.1958). Standing *in loco parentis* is one such method. Harrington v. Harrington *supra*, 145 A.2d at 122. See also the text *supra* at note 5.

and we see no way in which the laws as developed by the Court of Appeals can be fairly read to discriminate against children who are illegitimate. These considerations are enough to dispel the second thoughts we had entertained about declining review.

Petition denied.