PER CURIAM.
This is an interlocutory appeal from orders entered by the trial judge requiring Manuel G. Manousos, appellee here and petitioner below, William Melvin Samples, appellant here and respondent below, and Katherine Michelle Samples to submit to blood tests to determine the paternity of Katherine Michelle Samples, the adoptive child. The results of the blood tests are to be used as medical testimony in the adoption proceedings filed by petitioner Manuel G. Manousos.
Manuel Manousos, who was the former husband of Coralee Samples Manousos, filed a petition to adopt the minor child of Coralee Samples and William Samples. The petition set forth that Coralee Samples and William Samples were previously husband and wife and while they lived together as husband and wife the minor child, Katherine Michelle Samples, was born. Subsequent to her birth her mother, Cora-lee Samples, married the petitioner, Manuel G. Manousos. This marriage culminated in divorce. The petitioner alleges that even though the child was born while William Samples and Coralee Samples lived together as husband and wife he was in fact the natural father and that this was sufficient to rebut the presumption that William Samples was both the legal and natural father. The natural mother, Cora-lee Samples, filed her consent to the adoption and alleged therein that Manuel G. Manousos was the natural father of the child sought to be adopted. William Samples filed his answer and objections to said adoption. Petitioner Manousos then filed his motion requesting an order directing these parties to undergo a blood test. The trial judge granted this motion and respondent Samples brings this appeal.
The question then for this court to decide is whether or not the trial court had jurisdiction over the parties so as to require them to subject themselves to a blood test.
We believe the court has wide discretion in determining these matters and particularly in determining the best interests of the child. If in his discretion he believes a blood test to be of importance in determining the paternity and therefore the best interest of this child this court will not disturb the order appealed.
Affirmed.
LILES, A. C. J., and PIERCE and MANN, JJ., concur.