CHARLES CARROLL, Judge.
By petition for writ of certiorari the plaintiff in a slander action in the circuit court of Dade County challenges the correctness of an order, granted on a motion of the defendant which was predicated upon Rule 1.360 FRCP, 30 F.S.A., directing the plaintiff to submit to a mental examination.
The alleged published utterances by the defendant relating to the plaintiff were: “That man is sick — he should be put in jail behind bars,” and “That man is sick — he is psychotic.”
*875 In the order under review the trial court made the following findings:
“1. The Plaintiff has alleged slander in that the Defendant has stated, ‘That man is sick . . . he is psychotic,’ referring to Plaintiff.
“2. Defendant has alleged the truth of the statement and want of malice as an affirmative defense.
“3. The mental condition of the Plaintiff has been placed in issue and a determination thereof would best serve the interest of justice.”
Rule 1.360(a) FRCP provides as follows:
“In any action in which the mental or physical condition of a party or injury to property is in controversy, the court in which the action is pending may order such party to submit to a physical or mental examination by a physician or other qualified expert in advance of the trial or may order an examination of the property alleged to have been damaged or injured by the defendant or his agent or of the party alleged to have caused the damage or injury. The order may be made only on good cause shown and on notice to the party to be examined and to all other parties and to all persons in whose custody such property may then be and shall specify the time, place, manner, condition and scope of the examination and the person or persons by whom it is to be made.”
The petitioner-plaintiff contends entry of the order for examination was error, for three reasons. First, the petitioner argues the rule is limited in scope to negligence cases; second, that the mental condition of the plaintiff is not a matter in controversy in this case, and third, that good cause for the order was not shown, and that the order does not define the examination to be made.
We hold those contentions are without merit. The present Florida Rule 1.360, which is the same as was Rule 1.29 of the 1954 Rules of Civil Procedure, was derived from Rule 35(a) of the Federal Rules of Civil Procedure.
With regard to scope of Rule 1.360, the wording of the rule is such as to preclude the limiting of its application to actions for personal injuries, since by its terms it is made applicable in any action in which the mental or physical condition of a party or injury to property is in controversy.
Prior to the promulgation of the rule in that form and wording, there was applicable § 768.09 F.S.1955 F.S.A. (as amended by Ch. 29737, § 30, Laws of Florida 1955) in which the provision for compulsory examination of a party was limited to any action in which the mental or physical injury of a party or injury to property was in controversy. The fact that “injury” was replaced by “condition” in the present rule is materially significant.
Rule 35(a) of the Federal Rules of Civil Procedure provides in pertinent part the following:
“In an action in which the mental or physical condition of a party is in controversy, the court in which the action is pending may order him to submit to a physical or mental examination by a physician. * * * ”
It has been held that federal rule 35(a) is not limited to actions for personal injuries. In Beach v. Beach, 1940, 72 U.S. App.D.C. 318, 114 F.2d 479, 481, with reference to that feature, the court said:
“ * * * Appellant’s suggestion that it should be interpreted as limited to actions for personal injuries is also unsound. The Advisory Committee’s note to Rules 35(a) and 35(b) cites statutes which authorize physical examinations in personal injury actions. The possibility of limiting the rule to such actions must have been considered and rejected. As its language is unlimited, there is no reason for limiting its effect to actions of one class.”
*876 In 2A Federal Practice and Procedure, Rules Edition § 821.1, footnote 9, it is stated: “This rule [35(a) Fed.R.Civ.P.] is not limited to actions for personal injuries.” We have been shown no authority or reason to place a different construction on the applicable Florida rule.[1]
We hold to be unsound the petitioner’s second contention, that the mental condition of the plaintiff is not in controversy in this case, and that the order for mental examination of the plaintiff therefore was improper. Here the plaintiff alleged the defendant had stated in effect that plaintiff was suffering from mental illness. As defenses thereto the defendant pleaded truth of the statements and absence of malice. Because exoneration of the defendant would result if the alleged defamatory statements were true and published with good motive (Fla.Const., Declaration of Rights, Section 4, F.S.A.), the mental condition of the plaintiff was placed in controversy.
In contending otherwise, the petitioner relies on Wadlow v. Humberd, D.C., W.D. Mo.1939, 27 F.Supp. 210. There, in a factually and procedurally similar case, a federal trial court held it was not proper to order an examination of the mental condition of the plaintiff, under the federal rule, for the reason there expressed that the mental condition of the plaintiff was not a matter “immediately and directly in controversy.” That interpretation of the federal rule was stated to be erroneous, in Beach v. Beach, supra, 1940, 72 U.S.App.D.C. 318, 114 F.2d 479, 482, footnote 20. See also 2A Federal Practice and Procedure, § 821.-1, and Moore’s Federal Practice, 2nd Ed., Vol.4A, § 35.03(4).
Under Rule 1.360 FP.CP, in an action in which the mental or physical condition of a party is in controversy, examination of the party with respect thereto may be ordered, when good cause is shown therefor, without regard to the form or type of the civil action in which it is involved. In permitting such compulsory examination the rule does not affect “substantive rights” of the litigants, since it relates exclusively to the obtaining of evidence, and is therefore procedural.
We find no merit in the further argument of the petitioner that the order was not based on a showing of good cause and that it was not sufficiently definitive with relation to the examination ordered. The findings or recitals in the order of the trial court, as quoted hereinabove, reveal the existence of good cause for the examination order, and appear sufficient to disclose the purpose and scope of the examination to be made.
For the reasons assigned certiorari is denied, and the petition is dismissed.

. As examples of compulsory physical or mental examinations ordered in' actions other than personal injury actions, see In re Adoption of Samples (Samples v. Manousos) Fla.App.1969, 226 So.2d 135; Beach v. Beach, supra; Rubenstein v. Rubenstein, 21 N.J.Super. 486, 91 A.2d 446; Richardson v. Richardson, 124 Colo. 240, 236 P.2d 121; Roberts v. Roberts, 198 Md. 299, 82 A.2d 120.