**In the Matter of the Petition for Adoption: J. H., Appellant.**

No. 7702.

District of Columbia Court of Appeals.

Argued Dec. 6, 1973.

Decided Jan. 14, 1974.

Jacob Gordon, Washington, D. C., with whom Milton Conn, Washington, D. C., was on the brief, for appellant.

Before PAIR and YEAGLEY, Associate Judges, and QUINN, Associate Judge, Retired.

PAIR, Associate Judge:

This appeal is from an order of the trial court denying an unopposed petition to adopt a minor child. The facts are not in dispute. Pursuant to D.C.Code 1973, § 16–301, a petition for adoption was filed in the Superior Court of the District of Columbia. In the petition it was alleged, in part, that petitioner was the natural father of the prospective adoptee, and that he desired to adopt the child and make him the petitioner's heir-at-law. Attached to the petition was the sworn consent of the mother.[1]

As provided by statute,[2] the petition was referred to the Director of Social Services for investigation, report and recommendation. The director investigated, verified the allegations of the petition, and reported to the trial court recommending that the petition be granted.

Upon consideration of the petition, the consent of the mother of the child, and the report and recommendation of the Director of Social Services, the court entered an order denying the petition for adoption saying, by way of explanation, "the Court cannot create for him a relationship which already exists and which would be contrary to a reasonable interpretation of the statute." We disagree and reverse.

The relationship sought to be created was not that of father and son but rather that of "natural parent and natural child", and it is amost too clear for discussion that under our adoption statute a putative father can become a natural parent only by adoption.

1. D.C.Code 1973, § 16–304.

2. D.C.Code 1973, § 16–307.

The statute reads in pertinent part:

§ 16–302. Persons who may adopt

Any person may petition the court for a decree of adoption. . . .

§ 16–303. Persons adopted

A person, whether a minor or an adult, may be adopted.

.    .    .    .    .    .

§ 16–312. Legal effects of adoption

(a) A final decree of adoption *establishes the relationship of natural parent and natural child between adoptor and adoptee for all purposes, including mutual rights of inheritance and succession* as if adoptee were born to adoptor. The adoptee takes from, through, and as a representative of his adoptive parent or parents in the same manner as a child by birth, and upon the death of an adoptee intestate, his property shall pass and be distributed *in the same manner as if the adoptee had been born to the adopting parent* or parents *in lawful wedlock*. All rights and duties including those of inheritance and succession between the adoptee, his natural parents, their issue, collateral relatives, and so forth, are cut off, except that when one of the natural parents is the spouse of the adoptor, the rights and relations as between adoptee, that natural parent, and his parents and collateral relatives, including mutual rights of inheritance and succession, are in no wise altered. [emphasis added.]

■ It is noteworthy that Section 16–302 does not exclude the father of an illegitimate child from the class permitted to adopt. The trial court was therefore in error in stating that it could not "create . . . a relationship which already exists" for clearly the relationship prayed for did not exist. Petitioner did not ask to be declared the natural father. He freely and commendably acknowledged paternity of the child. Petitioner asked to be declared the natural parent of the child so as to make such child his heir-at-law. While it is true that petitioner could designate the child as the sole beneficiary under his will, he could not, absent an adoption, make the child his heir-at-law. *See* D.C.Code 1973, § 19–316; *cf.* Fuller v. Fuller, D.C.App., 247 A.2d 767 (1968), petition for allowance of appeal denied, 135 U.S.App.D.C. 353, 418 F.2d 1189 (1969). Furthermore, it is no sufficient answer to say that the father could obtain legal custody and control of the child since that status is in no sense the same as parenthood. *See and compare* Stanley v. Illinois, 405 U.S. 645, 649, 92 S. Ct. 1208, 31 L.Ed. 551 (1972). But more than this, we can perceive no legal force and effect or logic in the notion that a natural father cannot adopt his illegitimate child. Courts have frequently permitted the adoption of an illegitimate child by its mother where no statute prohibited such an adoption. In re Anonymous Adoption, 177 Misc. 683, 31 N.Y.S.2d 595 (1941); Petition of Curran, 314 Mass. 91, 49 N.E.2d 432 (1943); *cf.* Couch v. Couch, 35 Tenn. App. 464, 248 S.W.2d 327 (1951);[3] Hodges' Heirs v. Kell, 125 La. 87, 51 So. 77 (1910). Cases in which the petition of a natural father to adopt his illegitimate child have been denied were those in which the consent of either the mother or a placement agency was withheld. *See* Petition of Malmstedt, 243 Md. 92, 220 A.2d 147, cert. denied, 385 U.S. 976, 87 S.Ct. 507, 17 L.Ed.2d 438 (1966); and compare with Dawson v. Eversberg, 257 Md. 308, 262 A.2d 729 (1970); *cf.* In re Adoption of Samples v. Manousos, 226 So.2d 135 (Fla.App.1969). We need not discuss the wisdom of those cases for, here, all parties involved either consent or recommend the adoption.

■ What must be remembered is that the paramount concern in matters such as

3. Indeed, the Uniform Adoption Act § 3 specifically provides that the unmarried father may adopt. *See also* 2 C.J.S. Adoption of Children §§ 10 & 15 (1936).

this is the best interests of the child.[4]  In re Adoption of a Minor, 97 U.S.App.D.C. 99, 228 F.2d 446 (1955).  Here, the facts of record are undisputed and we have found no evidence which indicates that the proposed adoption would not be in the best interests of the child.  It follows that the order of the trial court must be reversed and the case is remanded with directions to grant the petition.

So ordered.

4.  D.C.Code 1973, § 16–304(e) & § 16–309(b)(3).  See In re Adoption of Female Infant, D.C. App., 237 A.2d 468 (1968).