*777 OPINION OF THE COURT
Edward J. McLaughlin, J.
The matter before the court raises the recurring problem of the responsibility of the initiating court to the responding court in uniform support proceedings, more particularly its responsibility when a verified petition and supporting affidavit are presented to the court for certification in a uniform support proceeding, and insufficient or ambiguous facts are put forth, facts that fail to provide the court with an adequate factual basis from which it may form an opinion as to the needs or entitlement of a party for whom support is sought. Should the initiating court dismiss the petition, or should that court certify the petition and transmit it to the court of the responding State? (Domestic Relations Law, § 37, subds 1, 3.) This court holds that when the facts presented to it are so insufficient or ambiguous as to force the court to speculate as to the needs or entitlement of a party for whom support is sought, the court may not transmit, and, therefore, must dismiss the petition.
The issue before the court has been raised by the filing of a petition by the Commissioner of Social Services seeking support for recipients of public assistance.[1] In the testimony supporting his petition, the commissioner states that there are three children for whom the respondent has a duty of support. The commissioner also states, however, that the required support for "the wife and children” is $226 per month, plus medical insurance. The testimony further shows that one of the named recipients of public assistance is described as an "ex-wife”. The testimony then recites that the respondent and the "ex-wife” were divorced seven years prior to the filing of the petition seeking support. The testimony makes no apportionment between the needs of the former wife and the needs of the children.
The purpose of the New York Uniform Support of Dependents Law, article 3-A of the Domestic Relations Law, is "to secure support in civil proceedings for dependent wives, children, and poor relatives from persons legally responsible for their support”. (Domestic Relations Law, § 30.) The statute identifies particular persons who are legally responsible for *778 the support of particular dependents. (Domestic Relations Law, §§ 32, 33.) Former wives are not among the dependents identified. This omission has been construed to mean that a former wife is not entitled to support under this statute. (Matter of Fleischer v Fleischer, 24 AD2d 667; Hacquin v Collier, 87 Misc 2d 994.)
Thus, to determine that the children are in need of support, the needs of the former wife, who is not entitled to support, must be separated from the needs of the children who are entitled to support. Otherwise, the court would be certifying and transmitting to the responding court a mere recitation of facts, facts which have no legal significance. Unless an apportionment is made between the needs of the children and the needs of the former wife, the court is at a loss to find the precise needs of the children, or if indeed they are, in fact, in need of support.
In a uniform support proceeding, the initiating court is specifically directed to certify, "that, in his opinion, the respondent should be compelled to answer [the] petition and should be dealt with according to law”. (Domestic Relations Law, § 37, subd 3.) At the very least, then, the Judge of the initiating court must have before him enough clearly stated facts so that he can form an opinion as to whether the allegation of need for and entitlement to support (Domestic Relations Law, § 37, subd 1), is sufficiently based in fact to warrant transmitting the petition to the responding court. This court is unable to form such an opinion from the facts presented to it by the commissioner.
The role and function of the initiating court is not clearly set forth in the uniform support statute. (Domestic Relations Law, § 37, subd 3.) If the certification process required of the court is primarily an administrative or ministerial function, an evaluation of the sufficiency of the facts presented to the court for certification is superfluous. Such an evaluation could be left to the responding court, the court which makes the ultimate determination as to the duty and amount of support owed by the respondent. (Domestic Relations Law, §§ 34, 37, subd 11.) If, on the other hand, a judicial function is intended, it is important that the initiating court have before it adequate information from which to formulate the "opinion” referred to in the statute. (Domestic Relations Law, § 37, subd 3.)
The New York Uniform Support of Dependents Law "is *779 substantially similar to the Uniform Reciprocal Enforcement of Support Act [URESA] and * * * permits reciprocity between the various jurisdictions”. (McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law, art 3-A, p 155.) Courts in jurisdictions other than New York have analyzed the role of the initiating court in uniform support proceedings. In its most limited role, the initiating court should be satisfied that the petition which it certifies sets forth facts from which it may be determined that the respondent owes a duty of support. (Mahan v Read, 240 NC 641; O’Hara v Floyd, 47 Ala App 619.) A more expansive role, finding that the obligor owes a duty of support before certifying and transmitting the petition, is favored by some other courts. (See, e.g., Matter of Duncan, 17 Ohio Opns 2d 21; Paul v Paul, 439 SW2d 746, 747 [Mo]; Cobbe v Cobbe, 163 A2d 333, 336.) One court, in considering the role of the initiating court, stated that the court should examine the petition to see if there is a “probable existence of a duty to support” as to warrant transmittal of the petition. (Neff v Johnson, 391 SW2d 760, 764 [Tex].) In Prager v Smith (195 A2d 257, 258), the District of Columbia Court of Appeals reasoned that the initiating court “had the primary duty under the statute to decide if * * * [petitioner] had made a prima facie showing of need for the support for the children and that they were entitled to support from the nonresident father”. The reasoning in Prager best enunciates this court’s understanding of the role of the initiating court.
That is, that the function of the initiating court is, essentially, to make a preliminary finding of the need and entitlement for support of a dependent to certify its findings, and to transmit the certification with the petition to the responding court for further proceedings. To make such findings, the court must be presented with a discreet statement of need, apportioning specific needs among each of the dependents, so that the particular needs of each person entitled to support are clearly set forth. Failure to so particularize, exposes the petition, as here, to dismissal, when the initiating court is unable to certify the entitlement of all of the dependents. In an unapportioned petition the lack of a finding of an entitlement for a single dependent then creates the situation where the initiating court must speculate as to the needs of the remainder.
In summary, then, unless sufficient facts are presented to the court in a clear and unambiguous manner, the court has *780 no factual basis upon which to base the opinion required of it, in order to certify a petition in a uniform support proceeding. (Domestic Relations Law, § 37, subd 3.) Lacking such facts, the court can only speculate as to the needs of the dependent and, indeed, runs the risk of leaping to an erroneous finding of need, if it engages in such a guessing game. While the function of the initiating court is only to make a preliminary finding of need and entitlement before certifying the petition for transmittal to the responding court, this court will not certify a petition that does not set forth a clear statement articulating the need for support of the particular persons entitled to support.
The commissioner’s petition is dismissed, without prejudice.

. An official agency that is providing support to a dependent has the same right to invoke the provisions of the Uniform Support to Dependents Law as does the dependent to whom the duty of support is owed. (Domestic Relations Law, § 36.)